## COLE and others *v.* REYNOLDS and others.

Two firms, in each of which A was a partner, stated an account of their mutual dealings. The partners in the creditor firm, with the exception of A, who declined to be a plaintiff and was made a defendant, brought their action against the members of the debtor firm; *Held*, that upon proof of these facts the plaintiffs were entitled to judgment for the balance thus ascertained.

It is not necessary, in such a case, that the complaint should propose an accounting as between the firms, or the various partners, but such accounting may be directed by the court if facts are shown that would render it inequitable to permit a recovery by one firm against the other without adjusting the accounts of the individuals composing them.

APPEAL from the Supreme Court. The action was brought by David D. Cole and Lemuel C. Holmes. The complaint averred that the plaintiffs, and Wightman J. Cole, one of the defendants, were copartners under the firm of Coles & Holmes; that the defendants were also copartners, doing business as commission merchants, in the city of New York, under the firm of Cole, Stevens & Co.; that there were large dealings between the two firms; that the defendants became and were indebted to the plaintiffs and Wightman J. Cole, upon an account which had accrued in favor of the firm of Coles & Holmes, and against the firm of Cole, Stevens & Co., arising, among other things, from the receipt by the latter of the proceeds of property, to the amount and value of $18,005.33, transmitted to them for sale, on commission, by the former, and that the defendants were indebted to the firm of Coles & Holmes, upon said account, in the sum of $2,316.45, with interest from February 4, 1853, over and above all discounts, payments and set-offs on the part of the defendants. It further stated that Wightman J. Cole, one of the partners in both firms, had refused to be joined as a plaintiff in the action, and therefore he had been made defendant only. The answer averred, among

Cole *v.* Reynolds.

other things, that there was " sufficient or nearly sufficient in the hands of the said Wightman J. Cole [who did not answer], belonging to the defendants, to pay any balance due the plaintiffs from the defendants, and that the same is applicable to and ought to be applied in payment of any such balance, if such exists, but the state of said accounts these defendants are unable to ascertain, as the said Wightman J. Cole has the books and vouchers in his possession." The cause was referred to Luther J. Howe, who reported as facts substantially those above stated and contained in the complaint. He also found that in the winter of 1853 the firm of Cole, Stevens & Co. delivered an account current of their business with Cole & Holmes to the latter, and that in April, 1853, the parties met and corrected the account current, showing a balance due from Cole, Stevens & Co. to Coles & Holmes of $2,298.20. This balance was reduced by a payment shortly afterwards, leaving due and unpaid $2,193.20, with interest from February 4, 1853, which sum he reported the plaintiffs were entitled to recover, · "to be received and to be accounted for by them as so much of the assets of the firm of Coles & Holmes." Judgment, containing the declaratory words just quoted, was entered upon the report. Upon appeal, this judgment was reversed at general term in the fourth district, and a new trial ordered on the ground that, "in actions between partners, relief can only be granted when it is *ex æquo et bono* necessary and proper, and to determine this, the situation of the partners must be determined by an accounting," which it was held was not proposed or contemplated by the complaint. Upon the second trial before the same referee, the plaintiffs offered to prove precisely the same facts above stated as found by the referee in his first report. The referee, in conformity with the decision at general term, excluded the evidence and nonsuited the plaintiffs. Judgment was entered for the defendants upon his report, and having been affirmed at

general term, the plaintiffs appealed to this court. The case was submitted upon printed arguments.

*James Gibson*, for the appellants.

*Potter & Tanner*, for the respondents.

HARRIS, J.   By the Code, the distinction between actions at law and suits in equity is abolished.   The course of proceeding in both classes of cases is now the same.   Whether the action depend upon legal principles or equitable, it is still a civil action, to be commenced and prosecuted without reference to this distinction.

But, while this is so in reference to the form and course of proceeding in the action, the principles, by which the rights of the parties are to be determined, remain unchanged. The Code has given no new cause of action.   In some cases parties are allowed to maintain an action who could not have maintained it before, but in no case can such an action be maintained where no action at all could have been maintained before upon the same state of facts.   If, under the former system, a given state of facts would have entitled a party to a decree in equity in his favor, the same state of facts now, in an action prosecuted in the manner prescribed by the Code, will entitle him to a judgment to the same effect.   If the facts are such as that, at the common law, the party would have been entitled to judgment, he will, by proceeding as the Code requires, obtain the same judgment.   The question, therefore, is whether, in the case now under consideration, the facts, as they are assumed to be, would, before the adoption of the Code, have sustained an action at law or a suit in equity.

The defendants' firm are indebted to the plaintiffs' firm upon an account stated and settled between them.   This fact, standing alone, would have entitled the plaintiffs to maintain an action at law.   But there is another fact in the case, which

upon a technical rule peculiar to the common law, would have defeated such an action. One of the individuals composing the plaintiffs' firm is also a member of the defendants' firm. A man cannot sue himself; and as, at common law, all the members of a firm must unite in bringing an action, it follows that in such a case no action at law could be sustained.

But in equity this technicality does not stand in the way of justice. It is enough, there, that the proper parties are before the court. They may be plaintiffs or defendants, according to circumstances, but, being before the court, it will proceed to pronounce such judgment as the facts of the case require. This latter rule is obviously the dictate of common sense. So far as I know, it prevails everywhere else except at the common law.

Indeed, equity, like the law of Scotland and the systems of continental Europe, goes farther, and treats the copartnership as a distinct existence, having its own distinct rights and interests. "In all such cases," says STORY, "courts of equity look behind the form of the transactions to their substance, and treat the different firms, for the purposes of substantial justice, exactly as if they were composed of strangers, or were in fact corporate companies." (1 *Story's Eq. Jur.*, § 680; *Story on Partnership*, § 235.)

There is no difficulty, therefore, growing out of the fact that one of the parties is a member of both firms, in sustaining this action. How, then, can it be defeated? The fact that, upon a settlement between the two firms, it was agreed that the balance now claimed by the plaintiffs was due from the defendants' firm to the plaintiffs' firm is scarcely denied in the answer, and, upon the trial, the plaintiffs offered to prove it. The indebtedness, therefore, for the purposes of this decision, must be assumed. The amount claimed must be regarded as, *ex æquo et bono*, due from the defendants' firm to the plaintiffs' firm. Its payment would constitute a final adjustment of all the transactions between the two firms.

Why, then, should not the plaintiffs be allowed to recover it?

In the view taken by the court below, it was necessary to have an accounting in order to determine the rights of the parties. But it is to be remembered that, as between the two firms, an accounting has already been had. What other accounting did the court below contemplate? Shall it be between the several members of the plaintiffs' firm or the several members of the defendants' firm? In short, what must the plaintiffs do, more than they have done, to entitle themselves to recover the acknowledged indebtedness of the defendants to their firm?

Had it been set up as a ground of defence that, as between the plaintiffs' firm and the partner who is made a defendant, the state of accounts was such that it would be inequitable to require this debt to be paid, such a defence might have rendered an account necessary in order to determine the equitable rights of the parties. Even then, I suppose, the better doctrine would be to let the debtor firm pay its debt, and the creditor firm, after receiving their debt, adjust their individual equities among themselves. This would seem to be more in accordance with the common sense of the commercial world, and the rule of equity which treats a copartnership firm, for the purposes of a trial, as an artificial body, a *quasi* corporation.

Upon the whole, I am of opinion that the case stated by the plaintiffs, and which, upon the trial, they offered to prove, was sufficient, *prima facie*, to entitle them to recover. If, upon another trial, the defendants shall be able to present a state of facts which renders it necessary that an account should be taken between the different members of either firm, to enable the court to determine whether the amount claimed is equitably due from the defendants to the plaintiffs' firm, it will be entirely competent for the court to direct that such an accounting be had. But no such defence would be admissible under the present state of the pleadings.

The judgment should be reversed and a new trial ordered, with costs to abide the event.

PRATT, J., dissented; SELDEN, J., expressed no opinion, all the other judges concurring,

Judgment reversed and new trial ordered.