James W. Lyon, as Guardian, etc., *v.* James W. Lyon et al.

A general guardian, having in his hands moneys belonging to his ward, executed, individually, to himself, as guardian, a bond and mortgage for the amount. He sold the mortgaged premises, subject to the mortgage, and subsequently brought this action to foreclose the mortgage, making himself, individually, and the owner of the equity of redemption parties defendant. A judgment of foreclosure and sale was perfected and the premises sold. On motion of the purchaser to be discharged from his purchase, *held,* that the parties were estopped by the judgment from questioning the validity of the mortgage; that, as between the guardian and ward, the court would regard it as a valid security against the guardian, and, so long as the money was realized, the ward had no ground of complaint; and that, therefore, so far as the mortgage was concerned, no difficulty existed as to conferring a good title.

Certain judgment creditors of the owner of the equity of redemption were not made parties originally. After entry of judgment, upon written consent of the attorneys for said creditors, it was ordered that all the papers and proceedings be amended, *nunc pro tunc,* by adding their names, and that they be bound by the proceedings. *Held,* that it was incumbent upon plaintiff to establish, unequivocally, the authority of the attorneys to enter into the stipulation; that without such authority the judgment creditors were not bound; and, in the absence of proof thereof, the purchaser could not be compelled to take the title.

(Argued October 3, 1876; decided November 14, 1876.)

Appeal from order of the General Term of the Supreme Court in the second judicial department reversing an order of

Special Term which discharged Horatio K. Wilcox, a purchaser under a decree of foreclosure and sale herein, from his purchase, and from liability thereon, because of defect of title; and directing said purchaser to complete his purchase.

In January, 1869, the plaintiff herein, who was the guardian of Matilda Lotten, an infant, had in his hands, as said guardian, $4,000 belonging to his ward. He made and executed, individually, to himself, as guardian, a bond conditioned to pay that sum, and a mortgage upon certain premises owned by him, to secure the same. He subsequently sold and conveyed the premises, subject to the mortgage, to Rena Nelson, who sold and conveyed the same, also subject to the mortgage, to Welcome B. Beebe. This action was brought to foreclose said mortgage. Plaintiff himself, and the subsequent purchasers being made parties defendant. None of the defendants appeared, and judgment was perfected November 26, 1873. It was afterwards discovered that there were various judgment creditors of said Beebe, whose judgments were liens on the mortgaged premises, who were not made parties. The attorneys on the records, for the judgment creditors, signed a stipulation consenting that the summons, pleadings, papers and proceedings in the action be amended, *nunc pro tunc*, as of the day they were respectively had and filed, by adding the names of said judgment creditors as defendants, waiving service of papers and time allowed to answer or demur, and stipulating that their respective clients should be bound thereby, without prejudice to proceedings already had. Upon filing the stipulation, and on June 12, 1874, an order was entered thereon in conformity with its terms, and further ordering that the order be annexed to and made part of the judgment; the said attorneys also appearing and consenting thereto. The premises were sold, and bid off by said Horatio K. Wilcox.

*Edward H. Hobbs* for the appellant. The mortgage itself was invalid, and so was any title derived through it. (1 Story's Eq. Jur., § 317; 1 Powell on Mort., 286; *Ackerman* v. *Emott*, 4 Barb., 626; Perry on Trusts, §§ 194–209, 602.) The decree

of foreclosure was invalid, because the judgment creditors of the holder of the fee were not made parties before final judgment. (*Jackson* v. *Bartlett*, 8 J. R., 361 ; *Lusk* v. *Hastings*, 1 Hill, 656 ; *Walradt* v. *Maynard*, 3 Barb., 584 ; Edwds. on Parties, 88 ; *Curtis* v. *Hitchcock*, 10 Paige, 399.) Plaintiff could not, as a trustee, maintain an action against himself. (Hill on Trustees, 273 ; 1 Story's Eq. Jur., § 679 ; 1 Parsons on Con. [6th ed.], 164, 253 ; *Englis* v. *Furness*, 4 E. D. S., 599 ; Pars. on Part. [2d ed.], 302 ; *Boylan* v. *McAvoy*, 29 How., 278.) If the title coming through the foreclosure was defective, the purchaser, unless he had full notice, could not be compelled to take it. (*Jackson* v. *Edwards*, 22 Wend., 498 ; *Mer. Bk.* v. *Thompson*, 55 N. Y., 11.)

*D. P. Barnard* for the respondent.

MILLER, J. Upon this appeal it is not material to consider the question whether the mortgage executed by the plaintiff to himself, as guardian, was a valid security for money belonging to the infant's estate. It is sufficient that as between the guardian and the infant a court of equity would regard it as a valid security against the guardian and give full effect to it for the purpose of protecting the interest of the ward. The plaintiff clearly could not object in an action which he had instituted, and the original defendants not having interposed any objection in the foreclosure suit, are estopped from questioning the validity of the judgment, and are bound by the same. As to the infant, so long as the money is accounted for or realized under the decree of foreclosure, there can be no ground of complaint. The judgment being valid between the original parties, no difficulty exists as to conferring a good title, so far as they are concerned.

A more serious question arises in regard to the lien of the judgment creditors who were not made parties in the first instance, and we think that such creditors having been omitted as such parties before final judgment was entered, it does not sufficiently appear that there has been an abso-

lute waiver of their respective liens. The judgment was entered long before there was any appearance on their behalf by attorneys, and the consent of the attorneys to the amendment of the proceedings *nunc pro tunc*, and a waiver of the irregularity after judgment, does not of itself establish authority for such a purpose. It does not appear in the stipulation or any of the appeal papers that such authority actually existed, and after a judgment has been entered and before the legal effect of the notice of *lis pendens* and other proceedings can be changed by consent of the attorneys, there should be affirmative proof of the power of the attorneys to enter into the stipulation, and that they had full and ample authority to act in the premises. The party seeking to enforce the sale under a decree of foreclosure under such circumstances, should establish, unequivocally, the right of the attorneys not only to appear but to execute the proper stipulation on behalf of the judgment creditors, which they claim to represent. A different rule might lead to embarrassment and subject the purchaser to the hazard of a litigation, and perhaps to serious loss. In this respect he should be fully protected, and, as the case stands, was not compelled to take the title offered to him.

The order of the General Term must be reversed and that of the Special Term affirmed, with costs.

All concur; EARL, J., in result.

Ordered accordingly.