# THE FIRST NATIONAL BANK OF CHAMPLAIN, RESPONDENT, *v.* ORVILLE K. WOOD AND OTHERS, APPELLANTS.

*Assignment by a firm for the benefit of its creditors — it cannot prefer notes given by the firm for debts due to the members thereof.*

In 1876 two firms, one known by the name of O. K. Wood & Co. and the other by the name of V. A. Wood & Co., having had mutual dealings, had a settlement upon which it was found that the firm of O. K. Wood & Co. was indebted to the firm of V. A. Wood & Co., to settle which indebtedness it was agreed that the firm of O. K. Wood & Co. should give its notes for one-half of such indebtedness to V. A. Wood, and for the other half to O. K. Wood. At the request of the said V. A. and O. K. Wood the notes were made to the order of members of their respective families, and were delivered by them to such members as gifts. On May 10, 1884, the firm of O. K. Wood & Co., and the individual members thereof, made a general assignment for the benefit of its and their creditors, in which these notes and other notes given annually for the interest accruing thereon were preferred.

Upon the trial of this action, brought by a judgment creditor of the firm, the referee held that the assignment should be set aside as fraudulent on account of the preferences so given to these notes, but did not find that an actual fraud was intended, or that the notes were without consideration, finding only that they were not valid demands in the hands of the payees against the makers of them, the assignors. Upon an appeal from the finding and judgment, none of the evidence given upon the trial being brought before the appellate court:

*Held,* that the judgment should be affirmed. (BOCKES, J., dissenting.)

*It seems,* that, as the evidence was not brought before the appellate court, it might, to sustain the judgment, presume that evidence was given showing that the firm of O. K. Wood & Co. was, at the time of giving the notes, insolvent. (Per LEARNED, P. J.)

That as the notes were merely evidences of an alleged debt which the partnership owed to two of its members, and as the payees were not *bona fide* purchasers for value without notice, they were subject to all the debts of the firm, and to an accounting by the members thereof as between each other. (Per LEARNED, P. J.)

That, assuming that the firm was solvent at the time the notes were given, and that the transaction between the firm and its members was then valid, it was the duty of the firm, on thereafter becoming insolvent and making an assignment, to pay its firm creditors, other than its own members as it in effect did by giving a preference to the said notes. (Per LANDON, J.)

APPEAL by the defendants from a judgment, entered in Clinton county, on the direction of a referee.

The action was brought by the plaintiff, as a judgment creditor of the firm of O. K. Wood & Co., composed of O. K. Wood, V. A.

Wood and A. G. H. Wood, to set aside a preferential assignment made by the firm, of the firm property, to Hiram Clark, and also a like assignment of individual property made at the same time by O. K. Wood and by V. A. Wood, respectively, to the same assignee. The referee to whom the case was referred to hear and determine, found in favor of the plaintiff, and directed judgment accordingly. The referee found, among other facts, that, of the consideration entering into the plaintiff's judgment, the sum of $1,500 accrued December 3, 1879, and the residue thereof subsequent to that date; that during the continuance of the firm of O. K. Wood & Co. there was another firm in existence, composed of Victor A. Wood and Orville K. Wood, doing business under the firm name of V. A. Wood & Co.; that during the continuance of said firm of V. A. Wood & Co. there were mutual dealings between that firm and the said firm of O. K. Wood & Co.; that in 1876, upon a settlement of the mutual deal between said firms, it was found that the firm of O. K. Wood & Co. was indebted to the firm of V. A. Wood & Co., and to settle said indebtedness it was agreed that said firm of O. K. Wood & Co. should give its notes therefor as follows: That for one-half of said indebtedness, it should give its note to V. A. Wood, and for the other half it should give its note to O. K. Wood; and thereupon said firm of O. K. Wood & Co. made its promissory note for the amount so owing to V. A. Wood, and at his request made the same payable to the defendant Julia P. Wood, his wife, and delivered the same to V. A. Wood, who received the same, and immediately thereafter made a present of the same to his said wife, who received and yet retains the same, said note being for $3,000; that said note has never been paid, but said firm gave to said Julia Wood its notes from time to time, up to and including the year 1881, for the accrued interest thereon; that for the amount owing to Orville K. Wood, said firm of O. K. Wood & Co. made its promissory notes, which, by the direction of said O. K. Wood, were made payable to certain members of his family, to wit:

To Mrs. Lizzie Lyons Wood, his wife, its note for the sum of $2,500.

To Addie M. Wood, his daughter, its note for the sum of $1,650.89.

To Frank E. Wood, his son, its note for the sum of $1,799.98.

To O. K. Wood, Jr., his son, its note for the sum of $2,064.67; which said notes were received by said O. K. Wood, and by him presented to the aforesaid members of his family, to whom, respectively, they were made payable as free and voluntary gifts, except that in the notes to Annie M. Wood and Frank E. Wood, respectively, there was included the sum of $500 due them severally from the said firm of O. K. Wood & Co. for rent; that the said notes were received by the payees respectively, and were still held by them unpaid; and that each year, up to and including the year 1881, the said firm gave its promissory notes to the said payees for the accrued interest thereon, and that the assignments charged to be fraudulent and void were made May 10, 1884, and that said notes were therein given preference of payment.

*Beckwith, Barnard & Wheeler,* for the appellants.

*R. Corbin,* for the respondent.

LEARNED, P. J.:

This appeal brings before us the judgment-roll including the referee's report. But no case is made, and we have not the evidence before us. In *Kellogg* v. *Thompson* (66 N. Y., 88) it was said, that in such a case, the court must assume that the facts proved were sufficient to sustain the findings and also any additional findings necessary to sustain the conclusion of law not in conflict with the affirmative facts found. In *Carman* v. *Pultz* (21 N, Y., 551) it is said the referee's reports are not construed with the strictness which was applied at common law to special verdicts. The court will presume nothing in favor of the party alleging the error; but, if compelled, through the imperfection of the statement of facts to resort to presumption at all, will adopt such only as will sustain the judgment.

This doctrine is more fully stated in *Murray* v. *Marshall* (94 N. Y., 617). When the evidence in a case is not brought before us on the record, and it does not affirmatively appear that no evidence was given which would support the legal conclusion made by the court below, we are bound to presume in support of the judgment that such evidence was given. The referee has

found that the assignments of O. K. Wood & Co., and of Orville K. Wood and of Victor A. Wood, individually, were fraudulent and void on account of the illegal preference stated in his report. At the time when the notes of O. K. Wood & Co., were given to the wife of V. A. Wood and to the wife and children of O. K. Wood, if the firm of O. K. Wood & Co. had been insolvent, then the preference of these notes would have been fraudulent, as the referee found it to be. So, too, if at that time O. K. Wood and V. A. Wood had been themselves severally insolvent, they would have had no right to give to their respective relatives the alleged indebtedness to themselves of the firm of O. K. Wood & Co. These facts would not have been in conflict with the affirmative facts found, but fully consistent therewith. As is said in the cases above cited, the appellate court should, if necessary, presume, in support of the judgment, that such evidence as is suggested and which would support the legal conclusion was in fact given. For it is the duty of the appellant to show that the referee erred. And the omission of the referee to find all the facts needed to support his conclusion of law is not necessarily error. If the appellants claim that the evidence in this case does not show that the assignments are void for fraudulent preferences they should show what the evidence was. Aside from this, however, we think the conclusion of the referee was right.

The case of *Cole* v. *Reynolds* (18 N. Y., 74) held that one firm might sue another, although a certain person was a member of each. It may be doubted whether that decision would permit one member or two members of a firm to recover a claim against the firm without an accounting. If O. K. Wood & Co. did owe Orville K. and Victor A. either jointly or severally, the firm may have owed Albert G. H. Wood more; and it would not be just that either one partner or two partners should thus get a preference over the third without having an accounting. But however that may be, the notes which were given were merely evidences of the alleged debt which the partnership owed to two of its members. Making these notes payable to the wives and children of these partners did not change the character of the debt. The payees were not *bona fide* purchasers for value without notice. Assume that the notes operated to transfer the claim to the payees, still the

nature of the claim remained the same, viz., money owing by a partnership to one of its members. It was like the money put into the partnership by each. It was so much standing to the credit of those members of the firm. It was subject to an adjustment by accounting between the partners, and it was, first of all, subject to the payment of the debts of the firm — debts which Victor A. and Orville K. owed as members thereof. Suppose that Orville K. and Victor A. had made a transfer to their respective wives of their respective interests or capital in the firm. Could the firm, on becoming insolvent, prefer these wives to the extent of the interests of Orville K. or Victor A. when they made such transfer? We think clearly not. The present transaction is substantially the same.

We think, therefore, that for both tne reasons given the judgment should be affirmed, with costs.

LANDON, J.:

When O. K. Wood & Co., consisting of three members, gave their notes at the request of two members, to members of their families, in consideration of the indebtedness of the firm to each of the two members, we may assume an account stated and that as between the firm and the two members the transaction was valid. We may assume the firm was then solvent. No property by this transaction was withdrawn from the firm. The notes are not paid. After a time the firm becomes insolvent and makes an assignment. Its duty is to assign its firm property to pay its firm creditors, other than its own members. But it gives preference to these notes, and thus proposes to withdraw from the firm property enough of it to pay these notes. Thus the holders of these notes who obtained them by gift from the members of the firm propose to take firm property, at the expense of firm creditors, sufficient to make these gifts good. They were not gifts of property, but gifts of promises, and they should be rated at their legal value as gifts of promises. The present holders say to the other creditors of the firm, your valid claims against the firm must, in law and equity, wait for such scanty dividend as may or may not be declared from the firm assets after the firm's promises to pay two of its own members shall have first been fully paid to us, although these promises cost us nothing.

The case is the same as if the two members of the firm still held the notes. The holders of the notes stand in their shoes. And as the law would not permit the firm, at the expense of its creditors to prefer two of its own members, it will not permit the preference to those who stand in their shoes.

The judgment should be affirmed.

BOCKES, J. (dissenting).

The case is before the court on the record containing the pleadings, the findings of the referee and judgment thereon, with exceptions, but without any of the evidence given on the trial. The errors, therefore, if any there be, are to be sought for in the referee's findings, or in his omissions to make findings necessary to the support of the judgment.*    *    *    *

There is no finding of actual intended fraud in the making of the assignments; nor is it found that the notes were without consideration; only this, that they were not valid demands in the hands of the payees against the makers of them, the assignors; and that consequently the preference of payment given them in the assignments rendered those instruments fraudulent and void in law as to the plaintiff and its judgment. But how were the notes invalid in the hands of the payees? They were made on good and sufficient consideration, and as property they were legal subjects of gift; and the gift of them was none the less valid because made by husbands to their wives and families, respectively, when in so far as is made to appear there were no then existing creditors of the donors to gainsay it. A husband is authorized to make a suitable provision for his wife and family, and if made without fraudulent intent or purpose it will be sustained. (*Carr* v. *Breese* 81 N Y., 584, and cases there cited; *Whiton* v. *Snyder*, 88 id., 299 · *Armitage* v *Mace*, 96 id., 538.) But it is urged that the notes but represented claims or demands in favor of O. K. and V. A. Wood, respectively, against a partnership firm of which they were members, and, therefore, not enforceable without an accounting between its members; and this even without its insolvency. The case of *Cole* v. *Reynolds* (18 N. Y., 74) holds to the contrary. In that case two

---

* The findings of the referee which were here stated are given in the statement of the case

firms, in each of which A. was a partner, stated an account of their mutual dealings; and it was held that an action could be maintained by the creditor firm against the debtor firm for the balance found due the former from the latter on the accounting. The difficulty urged in that case, answered and overcome by the decision, was the technical one existing at common law that a man cannot sue himself. As there held this difficulty is not, under our present system of jurisprudence, law and equity being united, insuperable, but partnerships are to be treated as having distinct existences, each having its own distinct rights and interests. So the rule laid down by Story, there received approval, that the court would treat different firms for the purpose of substantial justice, exactly as if they were composed of strangers or even in fact corporate companies.

But the difficulty urged (but overcome by the decision) in *Cole* v. *Reynolds* does not exist in this case at all. The facts here carry the case clear even of what was there sought to be made effective as a defense. Here, as in that case, there was a settlement between the firm of their own mutual dealings, and the two firms put themselves in the position of debtor and creditor. From this point the present case differs from *Cole* v. *Reynolds* and the difference is favorable to the legal integrity of the notes given by the debtor firm for the balance found due from it to the partners in the creditor firm. Notes for this balance were, by consent of all the parties, all the members of both firms, given by the debtor firm to third parties. Now the technical difficulty in bringing suit, because at common law a man cannot sue himself is out of the way, and the promise of the debtor firm to the payees rested upon a good and sufficient consideration. Thus the giving of the notes by the debtor firm to third parties by direction of the members of the creditor firm, operated as payment to the two members of the latter firm; and so the referee correctly found. It seems, therefore, beyond peradventure, that the notes were legal, valid obligations in the hands of the payees against the debtor firm. hence might be legally and equitably preferred for payment in its assignment.

This conclusion necessitates a reversal of the judgment.

Judgment reversed; new trial granted; costs to abide the event, and referee discharged.

Judgment affirmed with costs.