SARAH BURTIS, AND SARAH BURTIS, AS EXECUTRIX, ETC., OF ELIZABETH CLEVELAND, DECEASED, RESPONDENT, v. FRANCIS CLEVELAND AND CAROLINE L. KERR, APPELLANTS, IMPLEADED WITH SARAH BURTIS, AS ADMINISTRATRIX, ETC, OF JAMES G. CLEVELAND, DECEASED, AND OTHERS.

*Pleadings — an action will lie in equity although the plaintiff has, in a representative capacity, an adverse interest — proper statement of the facts in the complaint.*

The complaint, in an action for the foreclosure of a mortgage, stated that one James G. Cleveland executed one mortgage to secure two bonds, one of which bonds was given to the plaintiff Sarah Burtis, individually, and the other to one Elizabeth Cleveland, and that the plaintiff subsequently became the administratrix of James G. Cleveland, and the executrix of Elizabeth Cleveland. The plaintiff Sarah Burtis was also made a party defendant in the action in her capacity as administratrix of James G. Cleveland, and the complaint demanded judgment against her in that capacity for the amount of any deficiency which should result upon a sale of the mortgaged premises.

A demurrer was interposed to the complaint upon the ground, among others, that the plaintiff could not sue herself, and that there was a defect of parties because there was no defendant qualified to protect the estate of James G. Cleveland against the plaintiff.

*Held,* that the action could be maintained.

That the principle that a person cannot sue herself was a common-law rule which equity will not allow to stand in the way of justice.

That it was unnecessary for the plaintiff to have made herself, as administratrix, a party defendant, as it would have been sufficient for her to have stated all the facts and to have made defendants all parties other than herself having adverse interests.

That she would not be permitted, if the power of the court was properly invoked, to do any acts which would prejudice the estates which she represented in her several capacities.

APPEAL by the defendants, Francis Cleveland and Caroline L. Kerr, from an interlocutory judgment, entered in the office of the clerk of Washington county on the 20th day of February, 1891, overruling their demurrers to the complaint, with notice of an intention to bring up for review upon said appeal the order upon which said judgment was entered.

The complaint is for the foreclosure of one mortgage given by James G. Cleveland, now deceased, to secure the payment of two bonds, one for $1,142.55 to the plaintiff Sarah Burtis, the other for $1,021.53 to Elizabeth Cleveland, now deceased. Sarah Burtis is the executrix of, etc., of Elizabeth Cleveland, and the administratrix of, etc., of James G. Cleveland, and she sues as plaintiff in her own right, and as executrix, and names herself, as administratrix of the deceased mortgagor, a party defendant with the other heirs of the mortgagor. She and Elizabeth Cleveland were sisters of the mortgagor, Elizabeth dying before him. The complaint asked, in addition to the decree of foreclosure and sale, judgment against Sarah Burtis as administratrix of the mortgagor for any deficiency. Francis Cleveland and Caroline L. Kerr, a nephew and niece, demurred upon the grounds: That the complaint does not state facts sufficient to constitute a cause of action. That the plaintiff has not the legal capacity to sue herself; that there is a defect of parties, since no defendant is named who is qualified to defend the interest of the estate of the deceased mortgagor against the plaintiff.

*Frank H. Graham*, for the appellants.

*Lonson Fraser*, for the respondent.

LANDON, J. :

That a person cannot sue himself is a common-law rule, but in equity this technicality does not stand in the way of justice.

(*Cole* v. *Reynolds*, 18 N. Y., 74.) *Neilly* v. *Neilly* (23 Hun, 651) is an authority for such an action as this. The case was reversed in 89 New York, 352, because of a former adjudication. *Lyon, as Guardian* v. *Lyon* (67 N. Y., 250) was another such action and the practice was not questioned.

Although the plaintiff sues both in her own right and as executrix, and names herself in her capacity as administratrix, etc., of James G. Cleveland as defendant, she does not, and probably cannot, really sue herself. There was no need of naming herself as a party defendant. All she needed to do was to recite, as she does in the complaint, the facts showing her several capacities and the facts constituting her causes of action, and then bring before the court as parties defendant, as she has, all persons having any adverse interest. If any of the defendants shall ultimately be prejudiced, it will be because they neglect to resort to all the methods open to them to develop the truth. Sarah Burtis cannot confess judgment in her own favor or make any admissions for her own benefit against the estates she represents. She does not, except nominally, represent both sides of this action, and the court will, if any of the defendants properly invoke it, see to it that the accident of her several capacities in no way sacrifices justice. The fact that she has placed her name among those of the defendants injures no defendant. Each one can, and must in this action, as in every other, look out for his own interests. The defendants ask too much; they ask Sarah Burtis to resign one of her trusts in order to obtain justice. Why should she? Who will take it up? It may be that all other interests are to be promoted by leaving the estate of James G. Cleveland without a representative. But she has her rights and duties in all her capacities, and the law does not require her to renounce any in order to secure justice. The objections taken by the demurrer are apparent rather than real. They are not substantial, and were properly overruled.

Interlocutory judgment and order affirmed, with costs

LEARNED, P. J., and MAYHAM, J., concurred.

Judgment and order overruling demurrer affirmed, with costs.