(74 App. Div. 62.)

## THOMPSON v. RICHARDSON et al.

(Supreme Court, Appellate Division, Second Department. June 19, 1902.)

MORTGAGE—FORECLOSURE—DEMURRER TO COMPLAINT—DEFECTS OF PARTIES.

As a defendant can demur for want of parties defendant only when he has an interest himself in another's being made a defendant, and Code Civ. Proc. § 488, requires that the defects in such case shall appear on the face of the complaint, where a complaint on foreclosure does not show a demand for a deficiency judgment, and it neither appears on its face nor on the public records that others than the defendants named have any interest in the premises, the mere fact that plaintiff may have known of an unrecorded transfer does not afford a defendant ground for demurrer, the absence of the alleged owner not being prejudicial to such defendant, and section 452 affording a remedy to any one not a party who has an interest in the controversy.

Appeal from special term, Kings county.

Two separate actions by Pontus I. Thompson against Emma A. Richardson and others. From orders overruling demurrers of defendant Richardson, she appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

William H. Myers, for appellants.

Frank P. Martin, for respondent.

WOODWARD, J. The plaintiff seeks to foreclose a certain mortgage. The defendant Richardson demurs on the ground that there is a nonjoinder of parties defendant. The rule is well established that a defendant can demur for want of parties only when he has an interest himself in another's being made a defendant (6 Enc. Pl. & Prac. 311; Anderton v. Wolf, 41 Hun, 571, and authorities there cited; Bauer v. Platt, 72 Hun, 326, 332, 25 N. Y. Supp. 426), and, as the complaint does not show a demand for a deficiency judgment, it is difficult to understand what interest the defendant Richardson has in bringing in the person who was the owner of the premises, subject to the mortgage, at the time of the commencement of this action. It does not appear upon the face of the complaint, or upon the public records, that there was an owner of the premises, or any person having an interest in them, other than the defendants named in the complaint, and the mere fact that the plaintiff may have known of an unrecorded transfer does not, where this fact does not appear on the face of the pleadings, give the defendant any ground for demurrer. See section 488, Code Civ. Proc. Section 452, Id., appears to have provided for a case of this kind, so that there is no difficulty in affording a remedy for any one who has an interest in the controversy, and the defendant Richardson's rights are in no wise prejudiced by the absence of the alleged owner of the premises as a party defendant.

Action No. 1, in so far as the question here involved is concerned, is identical with action No. 2 under the same title, and it does not appear necessary to further discuss either case. The orders appealed from should be affirmed, with costs.

Interlocutory judgments, overruling the demurrers of defendant Richardson affirmed, with costs. All concur.