Order affirmed, with $10 costs and disbursements.

---

## DUFFY v. RODRIGUEZ et al.

(Supreme Court, Appellate Division, Second Department. July 29, 1910.)

1. STATUTES (§ 279*)—PLEADING—GENERAL STATUTES—NECESSITY.

An action for the registration of realty pursuant to Laws 1908, c. 444, and Real Property Law (Consol. Laws, c. 50) art. 12, being based upon a general statute, the statute need not be pleaded.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. § 378; Dec. Dig. § 279.*]

2. PLEADING (§ 248*)—AMENDMENT—DEPARTURE.

A reference in the original complaint, in an action for the registration of a land title, to the "land title registration law," may be stricken as surplusage, or regarded as characterizing Real Property Law (Consol. Laws, c. 50) art. 12, existing when the action was begun, so that the original complaint was not demurrable on the ground that it was based on Laws 1908, c. 444, which had been repealed and replaced by Real Property Law, art. 12, when that complaint was filed, while the amended complaint was based upon the latter statute.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 686–709; Dec. Dig. § 248.*]

3. CONSTITUTIONAL LAW (§ 46*)—MODE OF RAISING CONSTITUTIONAL QUESTIONS.

The constitutionality of a statute may be raised by demurrer.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. §§ 43–45; Dec. Dig. § 46.*]

4. CONSTITUTIONAL LAW (§ 42*)—WHO MAY RAISE CONSTITUTIONAL QUESTION—REGISTRATION OF TITLE.

Since a statute is assumed to be valid until some one whose rights it infringes complains thereof, an abutting owner cannot, in a proceeding to register a land title under Real Property Law (Consol. Laws, c. 50) art. 12, raise the question of the constitutionality of the article.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. §§ 39, 40; Dec. Dig. § 42.*]

5. RECORDS (§ 9*)—REGISTRATION OF TITLES—SUFFICIENCY OF COMPLAINT—PERSONS ENTITLED TO OBJECT.

Since an abutting owner has no interest in a proceeding by an adjoining owner for the registration of his title, he cannot raise the question whether the complaint therein states a cause of action.

[Ed. Note.—For other cases, see Records, Dec. Dig. § 9.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

124 N.Y.S.—34

6. RECORDS (§ 9*)—REGISTRATION OF LAND TITLE—PLEADING—ALLEGATIONS OF COMPLAINT.

In a proceeding to register a land title, the complaint properly alleged the existence of easements on each side of plaintiff's property consisting of the right to maintain party walls, as showing the adjoining owner's interest in plaintiff's property to have a similar easement therein.

[Ed. Note.—For other cases, see Records, Dec. Dig. § 9.*]

7. RECORDS (§ 9*)—REGISTRATION OF LAND TITLES—PARTIES—ABUTTING OWNERS.

In view of Real Property Law (Consol. Laws, c. 50) § 379, requiring all persons claiming any interest in or lien upon the property, title to which is sought to be registered, as shown by the examiner's certificate of title, to be made parties to the registration proceeding, as well as such additional parties as may be designated by the court in its order directing the issuance and service of summons, and section 382, which does not require notice of the pendency of the proceeding to be indexed against abutting owners, where the examiner's certificate does not name an abutting owner as claiming an interest in the property to be registered, and the order for issuance and service of summons does not designate him as a party to be served, such abutting owner is not a necessary party defendant.

[Ed. Note.—For other cases, see Records, Dec. Dig. § 9.*]

8. PARTIES (§ 83*)—DEMURRER—GROUNDS—DEFECT IN PARTIES.

To sustain a demurrer for a defect in parties, demurrant must show an interest in having parties joined, or that he is prejudiced by their nonjoinder.

[Ed. Note.—For other cases, see Parties, Cent. Dig. § 133; Dec. Dig. § 83.*]

9. RECORDS (§ 9*)—REGISTRATION OF LAND TITLES—PLEADING—DEMURRER.

Real Property Law (Consol. Laws, c. 50) § 389, permits any person interested in property, title to which is sought to be registered, or whose interest is affected by the judgment, whether a defendant or not, to enter an appearance and answer to the complaint, oppose registration, or set up a cross-demand to have the title registered as his own, and section 383 provides for the filing of a "caution" entitling the owner filing it to notice of application for registration. *Held* that, if a property owner makes an unnecessary party having no interest in the land a party to the proceeding, the complaint is demurrable if it does not allege a cause of action against such party, if a demurrer is authorized under the statute.

[Ed. Note.—For other cases, see Records, Dec. Dig. § 9.*]

10. RECORDS (§ 9*)—REGISTRATION OF LAND TITLES—PLEADING—DEMURRER—PROPRIETY.

Real Property Law (Consol. Laws, c. 50) § 385, requires the court in a proceeding to register a land title to determine, on the complaint and other papers filed with the register in making application for registration, whether plaintiff has a title which should be registered, and provides that to determine such question the court may require a further examination of the title, or other proof, and requires the proceedings to be governed according to the laws and court rules relative to an action in the Supreme Court, so far as applicable. *Held*, that the section does not deprive a party of the right to demur to the complaint in such proceeding, even though improperly joined therein.

[Ed. Note.—For other cases, see Records, Dec. Dig. § 9.*]

Appeal from Special Term, Kings County.

Action by Thomas F. Duffy against Salvador Rodriguez and others. From an interlocutory judgment overruling the demurrer of the de-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

fendant named in a proceeding for the registration of title of realty, he appeals. Reversed, and demurrer sustained, with leave to amend.

Argued before JENKS, BURR, THOMAS, RICH, and CARR, JJ.

William Bell Wait, Jr. (Henry Crofut White and Rufus B. Cowing, Jr., on the brief), for appellant.

M. E. Finnigan (Sidney V. Lowell, on the brief), for respondent.

RICH, J. The appellant is, to a very small extent, an abutting owner; the southeast corner of the rear of his lot abutting six inches on the northwest corner of the rear of respondent's premises. The demurrant first contends that the cause of action alleged in the original complaint was based upon chapter 444 of the Laws of 1908, which was repealed two months before the action was commenced, and that the cause of action alleged in the amended complaint is based upon a different statute, namely, article 12 of the real property law (Consol. Laws, c. 50), which became operative when the law of 1908 was repealed; that the first action was a nullity and could not be revived, and a valid action could not be evolved by the filing of an amended complaint under the provisions of a different statute.

When the several statutes of the state were consolidated, chapter 444 of the Laws of 1908 was made article 12 of the real property law. This action rests upon a general statute which it was not necessary to plead, but simply the facts which gave to the plaintiff the right to have his title registered. The facts alleged in both complaints, so far as the right of the plaintiff to have his title registered, are identical. The original complaint does not allege the statute under which the action is brought, except as it refers to the "land title registration law." This is a term which may be stricken out as surplusage or regarded as having been used in characterization of the existing law regulating that subject. The demurrer cannot be sustained on this ground.

The next contention, that the constitutionality of a law may be raised by demurrer, is beyond question the law of this state. It is argued that article 12 of the real property law is violative of the provisions of the federal and state Constitutions. The appellant has no interest in the subject-matter of this action, and for that reason he cannot litigate the constitutionality of this article of the real property law. A statute is assumed to be valid until some one whose rights it invades complains. People v. Brooklyn, F. & C. I. R. Co., 89 N. Y. 75, 93; People v. Lowe, 117 N. Y. 175, 192, 22 N. E. 1016; Tyler v. Judges of Court of Registration, 179 U. S. 405, 21 Sup. Ct. 206, 45 L. Ed. 252; Clark v. Kansas City, 176 U. S. 114, 118, 20 Sup. Ct. 284, 44 L. Ed. 392; Turpin v. Lemon, 187 U. S. 51, 60, 23 Sup. Ct. 20, 47 L. Ed. 70; Lampasas v. Bell, 180 U. S. 276, 283, 21 Sup. Ct. 368, 45 L. Ed. 527; Hooker v. Burr, 194 U. S. 415, 419, 24 Sup. Ct. 706, 48 L. Ed. 1046.

It is next contended that if the action is held to be properly pending, and the statute under the provisions of which it is brought is held to be constitutional, the amended complaint fails to state facts sufficient to constitute a cause of action, and 38 specific grounds are stated under this point. Without specific consideration of these objections, it is sufficient to say: First, that a cause of action under the statute

is sufficiently alleged; second, these objections were before us on an appeal in the same action taken by the defendant Packard from an order denying her motion to vacate and set aside the summons, notice of object of action, and their service upon the defendants, for the reason that they failed to state facts sufficient to constitute a cause of action; third, the appellant, having no interest in the subject-matter, cannot litigate these questions. He has no interest in them, and their existence or nonexistence in no manner affects him or his property.

The appellant next contends that causes of action are improperly united. This contention is based upon the claim that the complaint unites a cause of action to register title with causes of action to register an alleged easement on each side of plaintiff's property, consisting of a right to maintain a party wall on a portion of such adjoining property. The complaint demands no such relief. The easements are properly alleged as showing the interest of the adjoining owners who have a similar easement in plaintiff's premises.

It is also urged that there is a defect of parties defendant. In order to sustain a demurrer for a defect of parties, it must appear that the party demurring has an interest in having the parties joined, or that he is prejudiced by their nonjoinder. Thompson v. Richardson, 74 App. Div. 62, 77 N. Y. Supp. 202; Anderton v. Wolf, 41 Hun, 571, and cited cases. The demurrant, having no interest of that character and none in the subject-matter of the action, cannot be heard upon this subject.

The serious question presented by the demurrer is whether it should be sustained as to Rodriguez upon the ground that as to him it does not state facts sufficient to constitute a cause of action, because of its failure to allege any facts showing that he has any interest in the subject-matter or is a necessary party. The statute (section 379) requires that "all persons having or claiming any right or interest in or lien upon the property, or any part thereof, as shown by the examiner's certificate of title, * * * and such additional parties as may be designated by the court in its order directing the issuance and service of the summons," shall be made parties. There is no statutory requirement that adjoining owners, not shown by the examiner's certificate of title to have or claim any interest in or lien upon the property, shall be made a party defendant. The notice of pendency of action is not indexed against abutting owners. Section 382. In the case at bar the examiner's certificate states the names of the persons claiming interests or rights in the property, and Rodriguez is not named as such a person. The certificate as a whole shows that the appellant owns adjoining property which for a distance of six inches abuts on the rear of plaintiff's property, but does not show that he has or claims any interest in or lien thereon. The order of the court for the issuance and service of the summons does not designate Rodriguez as a party to be served. It seems to follow that the appellant, as an abutting owner merely, is not a necessary party to the action. Section 389 of the statute provides for the protection of the rights of abutting owners, not necessary party defendants under the provisions of section 379, by giving to any person interested in the property, or whose inter-

ests may be affected by the judgment, the right, although not specifically named as a defendant, to enter an appearance and answer the complaint, oppose the registration of plaintiff's property, or set up a cross-demand to have the title registered in his own behalf, and section 383 provides for the filing of a "caution" entitling the person filing it to written notice of any application for registration. The only allegation in the complaint referring to the appellant is that he is an abutting owner. Under such conditions, if a property owner in an action of this character makes a person having no interest in the subject-matter and not a necessary party under the statutory requirements a party defendant, he does so at his peril, and, if his complaint alleges no facts constituting a cause of action against such party, it is as to him demurrable, if a demurrer is authorized or can be made available, which is the last quære. Section 385 should not be so construed as to deprive a party, even though improperly joined in the action, of the right to demur.

The interlocutory judgment must therefore be reversed, with costs, and the demurrer sustained, with leave to the plaintiff to amend on payment of $30 costs within 20 days. All concur.