### MARVIN REALTY CO. v. BARRE et al.

(Supreme Court, Appellate Division, Second Department. December 30, 1910.)

CONSTITUTIONAL LAW (§ 42*)—WHO MAY RAISE CONSTITUTIONAL QUESTIONS.
   One who is brought into a proceeding to register a land title merely because he is an owner of a part of the surrounding contiguous property referred to in Real Property Law (Consol. Laws, c. 50) § 380, requiring the examiner's certificate of title to give the names of the owners of the surrounding contiguous properties, but who does not assert any interest, pursuant to section 389, authorizing any person interested in the property to appear and defend, may not raise constitutional questions.

   [Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. §§ 39, 40; Dec. Dig. § 42.*]

Appeal from Special Term, Kings County.

Action by the Marvin Realty Company against William Barre and others. From an interlocutory judgment, defendant Millie H. Sayer appeals. Reversed.

Argued before WOODWARD, JENKS, THOMAS, RICH, and CARR, JJ.

William B. Wait (Henry Crofut White and Rufus B. Cowing, Jr., on the brief), for appellant.

M. E. Finnigan, for respondent.

JENKS, J. I advise reversal of this judgment on the authority of Duffy v. Rodriguez, 139 App. Div. 755, 124 N. Y. Supp. 529, decided in this court in July, 1910.

The appellant has not such interest in this case as permits her to litigate the various constitutional questions raised by her. This conclusion is supported by the cases cited by Rich, J., in our judgment

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

in Duffy's Case, supra, particularly that of Tyler v. Judges of Court of Registration, 179 U. S. 405, 21 Sup. Ct. 206, 45 L. Ed. 252. It does not appear that her rights are in any way affected, or that she has asserted any interest pursuant to the requirements of section 389 of the real property law (Consol. Laws, c. 50). She is evidently brought into the case, as the complaint shows, for the sole reason that she is an owner of part of the surrounding contiguous property, referred to in section 380 of the said law.      ·

The *interlocutory judgment must be reversed, with costs.* All concur.