<hr />

### SUNDERMAN v. PEOPLE.

(Supreme Court, Special Term, New York County. July 7, 1911.)

1. RECORDS (§ 9*)—REGISTRATION—TORRENS SYSTEM.
   An abutting owner as such has no right to intervene or be made a party defendant in a title registration proceeding.
   [Ed. Note.—For other cases, see Records, Dec. Dig. § 9.*]

2. RECORDS (§ 9*)—REGISTRATION—TORRENS SYSTEM.
   One who on its own showing is not an adjoining or an abutting owner, and is not affected by title registration proceedings, is not entitled to be made a party therein.
   [Ed. Note.—For other cases, see Records, Dec. Dig. § 9.*]

Title registration proceedings by George H. Sunderman against the People of the State of New York, in which the Sound Realty Com-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

pany applies for an order to compel appellant to receive notice of appearance. Motion denied.

Gilbert Ray Hawes, for Sunderman.
Cowing, White & Wait, for the People.

COHALAN, J. This is an application for an order to compel the plaintiff to receive a notice of appearance from the Sound Realty Company, an alleged defendant, and for leave to said company to file and serve an answer to the complaint.

The plaintiff brings this action for the purpose of registering his title to certain property pursuant to the provisions of the land title registration act, popularly known as "Torrens Law," and otherwise as article 12 of the real property law (Consol. Laws 1909, c. 50), as amended by chapter 627 of the Laws of 1910. The Sound Realty Company, in its moving papers, alleges that its premises adjoin the easterly line of the property that the plaintiff seeks to register, and that, as the final judgment will determine the boundary line between the several properties, the company is a party whose interests may be affected within the meaning of the real property law, and it should therefore be allowed to intervene and become a party defendant to the action. The Sound Realty Company further contends, on information and belief, that the map referred to in the complaint, describing the premises sought to be registered, has ever since it was filed in the office of the clerk of Westchester county in 1855 been recognized as inaccurate and erroneous; that the lines on the same never were monumented on the ground; that the location of the exterior boundary lines was indefinite; and that, while purporting to be drawn according to scale, yet the application of the scale shows a variation of four or five feet between certain distances; and that the location of the premises of the plaintiff and the company has never been legally fixed; that it is possible that the easterly boundary line of plaintiff's premises may be so determined as to fall from one to three feet east of the westerly line of the company's premises.

The moving affidavit is sworn to by the president of the Sound Realty Company, and his allegations are made for the most part on information and belief, without stating the sources of his information and the grounds of his belief. The plaintiff shows by the affidavits of two civil engineers and surveyors, one of whom has had experience of 40 years, that the survey attached to the complaint, and which is criticised by the Sound Realty Company, is an undoubted authority for the section in question. These surveyors state that they personally inspected the premises, and found it monumented on the ground by locust posts so placed as to establish the lines set forth in the map. The fact that the Sound Realty Company is an abutting owner gives it no right as such to intervene, or to be made a party defendant in a title registration proceeding. Duffy v. Rodriguez, 139 App. Div. 755, 124 N. Y. Supp. 529. Nowhere in the moving papers is there any allegation or claim that the Sound Realty Company has any right or interest in, or lien upon, the property affected by this action. There is no claim that the easterly boundary line in dispute runs through

the company's property.   In fact, it appears from an inspection of the survey of the premises of the Sound Realty Company (which survey is annexed to the moving papers) that the westerly boundary of the company is 381.25 feet from the easterly side of the White Plains road.   The plaintiff's survey indicates that his easterly boundary line is only 380 feet from the easterly side of the White Plains road. This would leave a space of 1.25 feet between the plaintiff's easterly boundary and the company's westerly boundary line.   Hence it is seen that the Sound Realty Company, on its own showing, is not an adjoining or an abutting property owner.   The opposition papers and the exhibits fully establish the lines of the plaintiff's property in accordance with the descriptions set forth in the complaint and the survey thereto annexed.   They also clearly demonstrate that the property rights of the Sound Realty Company cannot be affected in any degree by the registration of the title of the plaintiff to the property owned by him.   The plaintiff strongly asserts that:

"This application is not made in good faith, but solely in the interests of the Title Guarantee & Trust Company, to obstruct and impede the registration of the plaintiff's title in order to make such registration difficult, protracted and expensive, and thus to defeat the operation of the Torrens Law, and discourage property owners from making use of the same."

It is further stated that the same attorneys have sought to intervene and impose an answer in every Torrens title registration action so far brought in this court, and that the same attorneys are in the employ of the Title Guarantee & Trust Company for this specific purpose.   If these charges be true, the court and the owner of real property are entitled to know of them.

Motion denied, with $10 costs.