(165 App. Div. 616)

KLINE v. ELLETT et al.

(Supreme Court, Appellate Division, Third Department. January 6, 1915.)

1. SPECIFIC PERFORMANCE (§ 106*)—PARTIES—DEFENDANTS.
    In a surviving husband's action against the heirs of his wife for specific performance of her contract to make a mutual will in his favor, the estate, of which the husband was the administrator, was a proper party defendant.
    [Ed. Note.—For other cases, see Specific Performance, Cent. Dig. §§ 342–351; Dec. Dig. § 106.*]

2. SPECIFIC PERFORMANCE (§ 106*)—PARTIES—CREDITORS OF ESTATE.
    In such action, the creditors, if any, were not necessary parties defendant, as a specific performance of the agreement would leave the property in plaintiff's hands, subject to the debts of intestate.
    [Ed. Note.—For other cases, see Specific Performance, Cent. Dig. §§ 342–351; Dec. Dig. § 106.*]

Appeal from Special Term, Chemung County.

Action by Charles Kline against Vera Ellett, impleaded with Arthie Griswold and Charles Kline, as sole administrator, etc., of Anna Grace Kline, deceased. From an interlocutory judgment sustaining defend-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ants' demurrer to the complaint, plaintiff appeals. Reversed, and judgment directed, overruling the demurrer, with permission to respondent to answer.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Lewis E. Mosher, of Elmira, for appellant.

Stanchfield, Lovell, Falck & Sayles, of Elmira (Henry B. Collin, of Elmira, of counsel), for respondents.

JOHN M. KELLOGG, J. The complaint alleges an agreement between the plaintiff and his wife whereby he was to purchase certain real estate, described in the complaint, in her name, pay for it, and that they should make so-called mutual wills, so that the survivor should own the real estate and all the real and personal property owned by the other; that he purchased and paid for the property pursuant to said agreement, and made his will in accordance therewith; that she made her will in plaintiff's favor, and duly acknowledged it before subscribing witnesses, but by mistake or design neglected to sign it, so that said will was ineffectual; and that she died intestate, leaving the defendants Arthie Griswold and Vera Ellett, her nieces, her heirs at law and next of kin, and that upon request they had refused to convey the said premises to the plaintiff. The plaintiff has administered upon his wife's estate, and as such administrator is made a party defendant. Plaintiff asks a specific performance of said agreement, and that he be adjudged to be the owner of the real and personal property of which his wife died possessed, and that said nieces be required to convey the said real estate to him. The defendant Vera Ellett demurred to the complaint, on the ground that it appears upon its face that there is a defect of parties defendant, in that the defendant Charles Kline, as sole administrator, is also the plaintiff in his individual capacity, "which is not proper."

[1, 2] The plaintiff had the right to administer upon the estate of his wife, and is the only person now legally representing that estate. As the alleged cause of action affects both the real and personal estate of the deceased, her administrator is clearly a proper and necessary party to the litigation. It is claimed that the creditors, if any, are not properly represented, as their interests are adverse to that of the administrator. If the decedent had left a will, the plaintiff would have acquired her property under it subject to her debts, and a specific performance of the agreement will leave the property subject to her debts, if any exist. There seems to be no equitable consideration, therefore, why he should not be joined as a party defendant. Neither is it suggested how the action could properly proceed as to the personal estate, if the administrator is not a party. The plaintiff cannot be compelled to allow another to administer upon his wife's estate, or forego the benefits of the agreement alleged in the complaint.

There are two answers to the contention of the defendant: (1) There is no defect of parties defendant. The estate is named as a party defendant. It cannot be said that the estate is not a party to the action because the administrator as an individual is the plaintiff. It

does not vacate his office or deprive him of the right to represent the estate. (2) The action is equitable in its nature, and a court of equity is not deprived of its power to determine the case because the plaintiff is the administrator of his wife's estate and as such is a party to the action. It has ample power to do justice between the parties to the action, and if necessary for the protection of others may cause them to be brought in. Cole v. Reynolds, 18 N. Y. 74; Burtis v. Cleveland, 61 Hun, 98, 15 N. Y. Supp. 412.

All the necessary parties are before the court, and their rights are stated. The judgment can protect the interests of all concerned. Burtis v. Cleveland, supra, indicates that it would have been proper practice if the estate had not been named in the title of the action itself, leaving it to the allegations of the complaint to show that the plaintiff was acting both as an individual and in a representative capacity. Perhaps he might have named himself personally and as administrator as plaintiff. The title he uses is not prejudicial to any one concerned. The particular form of the title is quite immaterial, so long as every party interested in the litigation is before the court. We are to consider the substance, and not the form, and are content to hold that there is not a defect of parties defendant.

The interlocutory judgment should therefore be reversed, and a judgment entered overruling the demurrer, with costs to the appellant in both courts, and with the usual permission to the respondent to answer upon the payment of such costs. All concur; SMITH, P. J., in result, in memorandum.

SMITH, P. J. I concur in the result. I am unable to see how the defendant demurring is in any way interested in having the administrator of her intestate made a party to the action. Thompson v. Richardson, 74 App. Div. 62, 77 N. Y. Supp. 202. There is no personal property which can be affected, because upon the showing of the complaint all of the personal property would go to the plaintiff under his exemptions, and it would be impossible and out of place in this action to determine what the indebtedness was, or to order the property sold for the payment of any debts. I agree with Judge KELLOGG that it is also unnecessary to have any administrator a party to the action, because under the contract between plaintiff and his wife the property would go as by will, subject to the debts of the wife. The case is clearly distinguishable from the authority cited in the New Jersey Equity Reports.