By the Court. Campbell, J.
Thomas T. Hayes, the complainant, loaned his note for $2,000, to the special copartnership of Hayes & Heyer. The'note was payable to the order of, and indorsed by Hayes & Heyer as first indorsers, and by Ketchum, Rogers & Bement as second indorsers. It was discounted at a bank in Connecticut, and the proceeds were paid over to Hayes & Heyer. This latter firm having failed, and made an assign-’ ment to Bement; Ketchum, Rogers & Bement were charged as indorsers, and were compelled to take up the note. They caused proceedings to be instituted, and recovered a judgment against Thomas T. Hayes, the maker. This judgment they sought to enforce by execution, but it still remains unpaid, except to the extent of five hundred dollars, being the amount of a dividend declared by the assignee of Hayes & Heyer.
*395 Morris Ketchum, a member of the firm of Ketchum, Rogers & Bement, was also the special partner An the copartnership trading under the name of Hayes & Heyer, and the former were large creditors of the latter. It appears that the assets of Hayes & Heyer in the hands of the receiver, would be sufficient to pay all their debts, excluding the debt due to Ketchum, Rogers & Bement.
The complainant filed this bill, mainly for the purpose of compelling the postponement of the debt due Ketchum, Rogers & Bement, until the creditors are paid in full, or if not the whole debt, then the interest of Morris Ketchum, the special partner .of Hayes & Heyer, in the debt due Ketchum, Rogers & Bement.
The provisions of the statute on which the complaint relies, (1 R. S. 767, § 23,) are as follows: “ In case of the insolvency or bankruptcy of the partnership, no special partner shall, under any circumstances, be allowed to claim as a creditor, until the claims of all the other creditors of the partnership shall be satisfied.”
We are not aware that this question has before arisen in our state, and we have therefore listened with attention to the extended arguments which were advanced, and we have endeavored to give to the subject a full and careful consideration. At the same time we think that the question is measurably free from difficulty, and that it may be satisfactorily settled upon the general principles of the law of copartnership, and according to the ordinary and customary proceedings under insolvent and bankrupt laws. Let us suppose that Mr. Ketchum, instead of being*.the special, had been a general partner in the firm of Hayes & Heyer. Then if an act had been passed declaring that in case of the insolvency or bankruptcy of that firm, he, Morris Ketchum, should under no circumstances be allowed to claim as a creditor, until the claims of all the other creditor's of the firm should be satisfied, such enactment would merely repeat what is the well-established rule under the law of copartnership. As the law is established and recognized, no general partner can under any circumstances, claim as a creditor in his own right, until all the other creditors in the firm are paid, when such firm has become insolvent. We apprehend, therefore, that the provisions *396 of the act in relation to limited partnerships, simply place the special partner, so far3as he is a creditor, upon the same footing as if he were a general partner. In both cases the partner must wait until all the other creditors are paid. If he be a general partner, and there is a deficiency, he must lose his capital and his debt, and must in addition make up the deficiency from his private fortune. If he be a special partner, he must lose his capital and his debt, but is not liable for the deficiency.
If the same person be a general partner in two different firms, one of which firms becomes insolvent or bankrupt, while the other firm is solvent and a creditor of the insolvent or bankrupt firm; then it is well settled that the creditor firm may recover its debt or its dividend from the insolvent or bankrupt firm, notwithstanding a member of the insolvent or bankrupt firm is also a member of the solvent creditor firm. (Collyer on Part. 573, &c., and the cases referred to.)
If the assets of the insolvent or bankrupt firm are insufficient to pay and discharge their- liabilities, then undoubtedly their creditors may reach the interest of the partner in the partnership property of the creditor firm; and that upon the plain principle that such partner is liable for all the debts of the insolvent or bankrupt firm. But that interest must be reached by calling the creditor firm to account. The insolvency or bankruptcy of one of its members, may operate as a dissolution of the firm. Its creditors may be different, and they must be first satisfied. When the liabilities are discharged, if any interest remains, belonging to the bankrupt partner, it would of course be applied to the extinguishment of his individual liabilities, or his liabilities as a member of the bankrupt firm. But as we have before remarked, his liability as a member of the bankrupt firm would not necessarily prevent the creditor firm from recovering their debt'or their dividend from the bankrupt firm. We come then to the case before us, and Mr. Ketchum being a member of the creditor firm of Ketchum, Rogers & Bement, that firm may recover their dividend from the assets of the firm of Hayes & Heyer. But the firm of Ketchum, Rogers & Bement cannot be called on to account, because Mr. Ketchum was but a special part *397 ner in the firm of Hayes & Heyer, and is not liable to the creditors of the latter firm for any deficiency.
The statute authorizing and regulating limited partnerships, is strict and severe; and though perhaps not unnecessarily so, we are not disposed to put such a construction upon its language as would in a great measure impair the usefulness, if not defeat the objects intended to be accomplished by its passage. The special partner is under disabilities which are not imposed upon general partners, and in consideration, he is relieved from liability, except to the extent of the capital which he may contribute; but as in many, if not most of such limited copartnerships, the bulk of the cash capital is contributed by the special partner, it must generally be for his interest, to sustain as far as possible and safe the partnership when organized, and to prevent its failure or insolvency. If, endeavoring to do this, he becomes a creditor, and still the partnership fails and becomes insolvent, he loses his capital, and his debt is postponed; at the same time he has not directed or managed its affairs. In cases of corporations, a fixed sum may be put in as capital; that sum is all that is put at hazard. The parties contributing it may be, and generally are, the chief managers. If the stockholders loan to the corporation, they are put, in case of insolvency, upon the same footing as other creditors; their debt is not postponed. In limited partnerships, which are a kind of quasi corporations, the special partner who contributes his capital, can have no voice in the management of the business, and if he loans to the firm, his debt must be postponed to those of all the other creditors; and we are now asked to say, that if any other firm of which he happens to be a member shall loan to such copartnership, even though it be without his knowledge, or shall in the usual course of business or dealings become creditors of such copartnership, and such co-partnership shall become insolvent, that then the debt of the creditor firm, or at aE events his interest in such debt, must be postponed.. We confess that we do not believe the legislature so intended, and we do not think it has so said. Had the statute provided that the special partner should not directly or indirectly, neither individuaEy or jointly become a creditor, and if he did, that then any debt due to him individuaEy, or his portion *398 of a debt due jointly, or Ms interest in any debt due to any other person or persons, corporation or corporations, or to any partnership, whether general or limited, should be postponed, the case would be different. As it now is, we consider that the legislature simply intended to put the special partner, so far as he is a creditor, upon precisely the same footing as if he were a general partner.
We have seen that if Mr. Ketchum were a general partner, neither the debt due Ketchum, Rogers & Bement, or his interest in it, could be postponed, nor can their debt or Mr. Ketchum’s interest in it be in this case postponed.
The bill does not in direct terms charge that the special partnership was insolvent, but as it might perhaps be amended in this respect, and as from the testimony it appears that it was insolvent, we have not considered this objection as material, and have preferred disposing of the case upon its merits. It is disclosed in the answer that a dividend of five hundred dollars was declared upon the note on which the judgment was obtained against the complainant, and yet after tMs divedend, the defendants sought by execution to enforce the recovery of the whole judgment. The complainant, having failed in the main object of Ms suit cannot be entitled to costs, and the defendants having neglected to give the complainant notice of the dividend, and having sought to enforce the collection of the whole judgment, do not stand before us in a position to entitle them to costs from the complainant. The five hundred dollars must be credited upon the judgment; and the bill must be dismissed, but without costs.