BUCKEYE STATE, The (IVES v.). See Case No. 7,117.

BUCKEYE STATE, The (STILLMAN v.). See Case No. 13,445.

## Case No. 2,086.

### In re BUCKHAUSE.

### Ex parte FLYNN.

[2 Lowell, 331;[1] 10 N. B. R. 206.]

District Court, D. Massachusetts. July, 1874.

BANKRUPTCY—PROOF OF DEBT AGAINST BANKRUPT FIRM BY A MEMBER.

1. Where a firm, composed of A. and B., was indebted to a firm composed of B. and C., and the former firm became bankrupt, *held*, that C., as the remaining member of the latter firm, settling its affairs, could prove the debt against the assets of A. and B.

[Distinguished in Re Cooke, Case No. 3,170. Cited in Re Vetterlein, 44 Fed. 61.]

[2. Cited in Re Boston & F. Iron Works, 29 Fed. 784, to the point that equitable debts are provable on the same footing as legal debts.]

[In bankruptcy. Gough, as survivor of the firm of Gough & Flynn, sought to prove a debt against the bankrupt firm of Buckhause & Gough, of which he was a member, and the proof was allowed.]

LOWELL, District Judge. This case was submitted without argument. I understand

---

[1] [Reported by Hon. Henry B. Brown, District Judge, and here reprinted by permission.]

[1] [Reported by Hon. John Lowell, LL. D., District Judge, and here reprinted by permission.]

that the firm of Buckhause & Gough, the bankrupts, were, at the time of their bankruptcy, indebted to the firm of Gough & Flynn, in a certain sum, for goods sold and delivered; and the question is, whether that sum can be proved as a debt. Gough was a member of both firms, but Flynn was not a member of the bankrupt firm, and he offers this proof as the solvent or remaining partner of his late firm, having the right to wind up its affairs.

It has for a long time been the law of England that proof may be made by one firm against the other in such a case. The firms are regarded as distinct legal entities, capable of contracting with each other in equity: Story, Partn. § 394; Lindl. Partn. p. 996; Ex parte Thompson, 3 Deac. & C. 612.

The English cases have gone beyond this, and have admitted contribution between the joint and separate estates, whenever there has been a distinct trade carried on, and the contract or dealing has been between "trade and trade," as they say; though the partners may have been the same in both firms, or though one firm may have included the other. The Massachusetts courts refuse to follow these last decisions, or to permit any proof between a firm and its members; but no court has denied the right of proof when the two firms had one or more distinct partners. In such a case a debt would exist, which, to be sure, could not be recovered at law, for a technical reason: Bosanquet v. Wray, 6 Taunt. 597; Story, Eq. § 679. But I apprehend the better opinion to be, that such a debt can be recovered in equity, without going into a general settlement of the accounts of both firms: Story, Eq. § 680; Hayes v. Bement, 3 Sandf. 394; Calvit v. Markham, 3 How. (Miss.) 343. A learned author has expressed a doubt whether there would be a remedy even in equity. He says: "In Bosanquet v. Wray, the court seem to have thought that in such a case there might be a remedy in equity. It is not, however, easy to see how such a remedy could be worked out, except as against the common partner by a dissolution of the claimant partnership. The court of chancery does not assume jurisdiction simply to compel payment of a debt, where there is no lien or charge to be enforced; nor, except in cases within its peculiar jurisdiction over trusts and the like, does it give relief, unless there is, or at some time has been, a legal right." Dix. Partn. 268. But Story, at section 680, says: "Courts of equity, in such cases, look behind the forms of the transactions to their substance, and treat the different firms, for the purposes of substantial justice, exactly as if they were composed of strangers, or were in fact corporate companies." It cannot be denied that, in substance, a debt due from A. & B. to A. & D. is a very different thing from a mere overdraft by A. from the funds of A. & B. To refuse to notice the distinction is to disregard

the credit of D. altogether. Whether there be a remedy in equity or not, while the firms remain solvent, it seems clear that there is a debt which equity can recognize, and which, in bankruptcy, ought to be entitled to its share of dividends, in justice to the creditors of the creditor firm. Indeed, the right to sue at law has been granted by statute in one state: Adams, Eq. (5th Am. Ed.) 240, note 1, citing the laws and decisions in Pennsylvania. I have often decided that equitable debts may be proved under our bankrupt act, and I am not aware that a contrary decision has ever been made. Holding this to be a debt in equity, and finding the decisions in bankruptcy in favor of allowing its proof, I admit it, though without any intimation that, as between one partner, or any number of partners and the others, where there is no firm with a foreign member, the Massachusetts cases may not express the true doctrine of this country.[2] Debt admitted to proof.

