Schnebly v. Culter.

*Decree reversed and cause remanded.*

JOHN R. SCHNEBLY AND CHARLES E. ROWCLIFFE

v.

RICHARD A. CULTER.

*Partnership—Two Firms having a Common Member—Bill in Equity —Continuous Term of Credit—Interest.*

1. Where one person is a member of two firms, a bill in equity lies by one firm to recover an indebtedness of the other.

2. In the case presented, it *held:* That the members of each firm were not required to look to the common partner for the adjustment of the indebtedness; that the creditor was not bound by an agreement entered into by said common member to extend to the other firm a continuous credit of five years; and that interest was properly allowed from the date of an adjustment of the account.

[Opinion filed December 11, 1886.]

APPEAL from the Circuit Court of Peoria County; the Hon. T. M. SHAW, Judge, presiding.

Statement by LACEY, J. The appellee and one Cary E. Robinson, on January 1, 1883, entered into partnership, to be carried on in the city of Peoria, in general hardware and tin business, under the firm name of R. A. Culter & Company. On the 23d day of September, 1884, said Robinson also entered into partnership with appellants to carry on a hardware and tin business, in which last mentioned firm the said appellee had no interest. The last named firm was to continue five years, the appellants were to furnish a certain sum each, and said Robinson was to furnish $2,000 in cash and a credit of $3,000 in

the first named firm of R. A. Culter & Company, which was to be paid out and used in the common trade.

Appellants were to devote their entire time to the business. Robinson was to receive one-fourth of the profits.

In pursuance to the agreement, Robinson asked his partner, the appellee, for his consent to the credit that he had agreed to furnish to the appellants' firm out of the firm of R. A. Culter & Company, but did not inform him that it was to continue five years, and appellee did not know that fact till after the goods had been procured. The goods were procured of the firm of R. A. Culter & Company to the amount of $4,079.12 above all credits, which the firm of Schnebly & Rowcliffe, of which Robinson was a member, never denied, and in their testimony admit; but appellants insist $3,000 of the amount was not due for five years from the date of their partnership with Robinson, by virtue of the terms of their partnership agreement.

On July 8, 1885, the firm of R. A. Culter & Company was dissolved by mutual consent, and as appellee alleges in his bill he became the owner of all the assets by purchase by him from Robinson, and Robinson admits this in his answer. Appellee also testified that he was the owner at dissolution of the claim in question. The books of two firms were compared by appellants and appellee about August 10, 1885, and found to agree, and the balance due was $4,079.12. The appellee brought a bill in equity to collect this balance. Appellants' answer sets up the partnership agreement with Robinson, denies their liability with Robinson to the firm of R. A. Culter & Company as to the $3,000, but admits it as to $1,079.12, and denies their liability to account. The Circuit Court upon the master's report rendered a decree in favor of appellee against appellants for the sum of $4,225, the full amount of appellee's claim, and six per cent. interest from about August 10, 1885, the time the books were compared, till the date of decree, March 20, 1886.

Messrs. McCulloch & McCulloch and George M. Johnston, for appellants.

When one person is a member of two different firms, which have dealings with each other, a suit will not' lie by one firm against the other either at law or equity for an indebtedness of one firm to the other. Haven v. Wakefield, 39 Ill. 509; Hall v. Kimball, 76 Ill. 161.

Neither can such common partner transfer to his co-partners in either firm a better right to bring suit in respect to the dealings of one firm with the other than he had himself, for in equity there can be no assignment which will cut off equitable defenses. Olds v. Cummings, 31 Ill. 188.

It follows that the members of each firm must look to their co-partners for the adjustment of the matters of accounting between the two firms, at least until their remedy against such co-partners is exhausted.

Mr. M. N. Gish, for appellee.

Lacey, J. The objections made by the appellants to the decree are that "when one person is a member of two different firms which have dealings with each other, a suit will not lie by one firm against the other either at law or equity for an indebtedness of one firm to the other." We do not regard this objection as sound. This is true as regards suits at law but not in equity.

If a suit in equity could not be brought by one firm against another under such circumstances, the creditor firm would be without remedy. Haven v. Wakefield, 39 Ill. 509, and Hall v. Kimball, 77 Ill. 161.

It is also insisted that members of each firm must look to their co-partner for an adjustment of the matters of accounting between the two firms, at least until their remedy against such co-partner is exhausted; in other words, applying the supposed rule to the facts of this case, it was the duty of the appellee to compel a final winding up and adjustment of the affairs of the firm of R. A. Culter & Company and if in such settlement, in which Robinson should be charged with appellants' claim, the former was not indebted to appellee, then there could be no use of this suit, as appellee would be paid off, and

this claim would be Robinson's own matter; but should Robinson's interest in the firm of R. A. Culter & Company prove insufficient to discharge this obligation, then appellee might pursue his remedy against the appellants and Robinson, first seeking payment for Robinson's interest in the firm of appellants, and after the affairs of that firm is wound up, and it being ascertained that Robinson had no interest in it, appellee might, perhaps, ask for decree against appellants, but not till then. In the first place there are no issues in this case warranting any such action. This bill is a plain, simple bill by one firm to collect a debt in equity from another firm, the appellee being forced into equity for the only reason that by the strict rules of law, Robinson being a member of both firms, suit could not be brought at law. There are no facts or peculiar equities set up in any pleading to show to the court why it was necessary to wind up the affairs of both these firms in order to do justice. As between the two firms, Robinson and appellee were strangers to each other. The firms dealt with each other *as* strangers—as two separate and independent individuals would.

This course is necessary on account of a part of the members of the respective firms not having any interest in but one.

There was no equity in the one firm to compel a winding up of the other simply because one firm becomes the creditor of the other and was seeking a decree for its claim. Robinson's equities between the firms so far as the facts in this case show, are equally balanced and he must be regarded as a neutral through whom neither party can claim any equities. The claim of appellants that the amount of appellee's demand to the extent of $3,000 should be regarded as not due till five years from date of their partnership with Robinson, is not tenable.

The facts fail to show that appellee knew of the contents of this partnership agreement, or that he ever assented to the agreement to furnish appellants' firm a credit to the amount of $3,000 continuously for five years.

He was requested by Robinson to allow the firm of R. A. Culter & Company to furnish the new firm a credit to the amount of $3,000. That was all. He would have to assent

to the five years' contract to bind his firm, which we think the evidence fails to show. The allowing of interest was proper after the adjustment of the amount, which, as we gather from the abstract, was some time in the fore part of August, 1885. As to the last point we think the evidence fails to show that this account belonged to Robinson. The decree is therefore affirmed.

*Decree affirmed.*