# Alexander Bros. *v.* Jones

*Attachment against Non-resident or Absconding Debtor.*

1. *Action at law between partners, or partnerships with common partner.*—At common law, one partnership could not maintain an action against another, when the two had a common partner; but, statutory provisions now making partnership demands joint and several (Code, § 2605), the creditor partnership may maintain an action at law against a member of the debtor partnership individually, not joining the common partner as a defendant with him.

APPEAL from the Circuit Court of Colbert.

Tried before the Hon. HENRY C. SPEAKE.

This action was brought by Alexander Brothers, a partnership composed of James E. Alexander, Percy Alexander, and Sydney J. Alexander, against Paul C. Jones; and was commenced by attachment, sued out on the 16th January, 1889, on the ground that the defendant had removed from the State, or had absconded, or secreted himself. The complaint claimed $200 "on an account for goods, wares and merchandise sold and delivered by plaintiffs to defendant during the year 1888." At the trial term, no appearance having been entered for the defendant, the plaintiffs asked for judgment by default; but the court refused to grant it, because a motion had been entered by J. B. Moore, as *amicus curiæ*, to dismiss the suit for want of jurisdiction, on the ground that the debt sued on was contracted with plaintiffs by Alexander & Jones, a partnership composed of the defendant and said Sydney J. Alexander, one of the plaintiffs' firm. On the trial of the motion, these facts were admitted; and it was also admitted that the partnership of Alexander & Jones had been dissolved in December, 1888, before the commencement of this suit. The court sustained

the motion to dismiss, and rendered judgment accordingly. The plaintiffs excepted to the rulings and judgment of the court, and now assign the same as error.

KIRK & ALMON, for appellants, cited Code, § 2605; *Alexander Bros. v. King & Co.*, 87 Ala. 642; *Hall v. Cook*, 69 Ala. 88; *Duramus v. Harrison*, 26 Ala. 326; *Lacy v. LeBruce*, 6 Ala. 904; 7 How. Miss. 61; 2 Bates on Partnership, § 902.

McCLELLAN, J.—The question presented by the record was under consideration at the last term, in another branch of this case, but a decision of it was then pretermitted as not being necessary to a determination of that appeal. Mr. Justice CLOPTON, delivering the opinion in that branch of the case, in speaking of the right of a partnership, one member of which was also a member of another firm which was indebted to the plaintiff partnership, to maintain an action against the other members of the debtor firm, had this to say: "At common law, one partnership can maintain no action against another, when one of the partners is a member of both firms. The reason is, that the common partner must necessarily be the plaintiff and defendant, and that a judgment can not be rendered in favor of himself and against himself. But, by statute, 'any one of the associates, or his legal representative, may be sued for the obligation of all.'—Code, § 2605. This statute has been construed to give a creditor the right to sue any one of the partners, for a debt contracted by the firm, whether due by account or otherwise; and that the effect of the suit so commenced is to change, for the purposes of such suit, the obligation of the partners from joint to joint and several. The creditor may declare on the debt as the individual liability of the partner sued.—*Duramus v. Harrison*, 26 Ala. 326; *Hall v. Cook*, 69 Ala. 87. Under a statute in Mississippi, declaring the notes of partners joint and several, it was held that a member of a partnership may be co-plaintiff with the other partners, in a suit on a promissory note against the members of another firm, of which he is also a partner, provided he is not joined as defendant; and that the others can not set up his liability as a defense.—*Morris v. Hillery*, 7 How. 61. In *Lacy v. LeBruce*, 6 Ala. 904, it was held that the death of a common partner removed the impediment to a suit at law to recover a demand due by one firm to the other, and that the survivor of the one may sue the survivor of the other. The reason of the rule at common law having ceased by operation of the statute, it would seem that the rule also should cease." 87 Ala. 642.

[Alexander Bros. v. Jones.]

Another reason for the common-law rule—one that lies back of the reason stated, and is the basis of the latter—is, that, as between such partnerships, no contract could have any legal existence, as to so hold would be to give validity to an agreement of the common partner made with himself.—Story on Partnership, § 234; Parsons on Partnership, 288. It is manifest that this reason also is obviated by our statute, since by its influence the contract is not only joint, that of the common partner and his associates, but is separately and severally the compact of each one of the associates, to all intents and purposes, as if only one of the partners, and that one not a member of the other firm, had entered into it; and it is valid, even at law, as to him, whatever, in strictly legal contemplation, may be its infirmity as an obligation of his co-partner.

Whether the rule be referable to one or the other, or both of these reasons, it is a pure technicality, as is demonstrated by the fact, that such contracts have always been upheld and enforced in equity; its existence, even in those cases where the reasons stated apply, has been deplored by eminent jurists, who approve as a better doctrine of abstract law that which obtains in every system of jurisprudence, except that of common-law countries, and which accords to partnerships something of an entity, like that of corporations, separate and apart from the individuals who compose them, in such sort that contracts and actions between them are in no wise affected by the fact of a common membership.

Following the lead of *Lacy v. LeBruce, supra,* and carrying the doctrine of that case to its legitimate consequences, and confining the operation of the rule to those cases in which the only possible reasons for it exist, we hold that, under our statute, it does not obtain where the suit, as here, is against a member or members of the debtor partnership, who are not members of the plaintiff firm.—1 Lindley on Partnership, *267, *n.* 3; 2 *Ib.* *569, *n.* 102.

The judgment of the Circuit Court, dismissing the suit, is therefore reversed, and the cause remanded.