SCHNAIER *et al.* v. SCHMIDT *et al.*

(*Supreme Court, General Term, First Department.* March 13, 1891.)

1. ACTION BETWEEN FIRMS—PARTNER IN EACH FIRM.
   An action by one firm against another for goods sold and delivered is not defeated by the fact that one of the defendants is a member of both firms, as under Code Civil Proc. N. Y. § 1207 the court is authorized to permit the plaintiff to take any judgment consistent with the issues raised by the pleadings.

2. SAME—EQUITABLE ACTION.
   The action containing the proper subject-matter of an action in equity, the court properly refused to dismiss the complaint, although the action was tried before a jury, where no objection was made.

3. SAME—ACCOUNTING.
   The cause of action set forth in the complaint involving only an obligation for the payment of a specific sum of money the circumstance that one of the defendants was a member of each of the firms did not present a case for an accounting.

Appeal from circuit court, New York county.

Action by Gustav Schnaier and Theophilus Millot against Konrad Schmidt and Henry Lehrburger to recover $1,282.60, the alleged value of certain colored inks which the firm of G. Schnaier & Co. claim to have sold and delivered

to the defendants, who composed the firm of K. Schmidt & Co. · The firm of ·
G. Schnaier & Co., at the time of the commencement of the action, was com-
posed of Gustav Schnaier, Theophilus Millot, and Konrad Schmidt, and the ·
firm of K. Schmidt & Co. was composed of the said Konrad Schmidt and Henry
Lehrburger, the defendants, so that this action is brought by one firm against
another firm, in both of which firms the said Konrad Schmidt is a partner.
The defendants, in their answer, aver that the inks mentioned in the com-
plaint were received on consignment; that the defendants were to have the
sole agency for the sale thereof; that the defendants were to receive a com-
mission on all sales thereof of 25 per cent.; that they have sold thereof to the ·
amount and valve of $995.30, and claim their commission of $240.82. They
further allege part payment of $475. The complaint also alleged that, as
Konrad Schmidt refused to be joined as plaintiff, he had therefore been made
defendant. There was a verdict for plaintiff for $793.12, and from the judg-
ment entered thereon defendants appeal.

Argued before VAN BRUNT, P. J., and DANIELS and O'BRIEN, JJ.

J. G. Flammer, for appellants. Abram Kling, for respondents.

DANIELS, J. The action was brought to recover the price of certain inks,
alleged to have been sold and delivered by the plaintiffs' firm to the defend-
ants. In the complaint the defendant Schmidt was alleged to have been a
partner in their business with the plaintiffs, as well as a partner with the
other defendant, as the purchasers of the inks in controversy. It was stated
in the complaint that he declined being a party in the action as plaintiff, and
for that reason had been made a defendant. The answer of the defendants ·
denied the partnership, and alleged that the inks had been delivered to them
to be sold on commission. When the trial commenced, a motion was made
on behalf of the defendants to dismiss the complaint on the ground that the
action could not be maintained if Schmidt was a partner of the plaintiffs as ·
well as with the other defendant. This motion was denied, and to the denial
the defendants excepted. Upon the close of the plaintiffs' case the motion
was renewed, which was denied, and the defendants again excepted; and the
appeals have been taken chiefly upon the ground of these exceptions. In
their support authorities from other states have been presented, in which it
has been held that an action at law cannot be maintained by one firm against
another when one of the partners is a partner in each of the firms; but these
authorities are not decisive of this appeal, for the reason that the proposition
has been settled, that where an action cannot be maintained in the legal forum,
then a suit to settle the controversy, and for the appropriate redress, may be
maintained in equity. Williams v. Kiernan, 25 Hun, 355, and cases there
referred to. And if it should be held that an action for goods sold and deliv-
ered as a legal action could not be maintained when one of the parties was a
member of the two firms engaged in the sale and purchase, yet that would
not defeat the plaintiffs' action, for the facts were all set forth by the com-
plaint; and, as an answer was served, then by section 1207 of the Code of
Civil Procedure, the court has been authorized to permit the plaintiff to take
any judgment consistent with the case made in the complaint, and embraced
within the issue; and, if this complaint failed to state a cause of action at
law, it did present, by the facts alleged in it, a cause of action in equity,
which the parties were entitled to have considered and determined in the ac-
tion. The court was right, therefore, in its refusal to dismiss; and that the
action was tried before the jury will not change the rights or liabilities of the
parties to it, for no objection was taken by the defendants to that mode of
trial. If it had been, a trial of the action as an action in equity might then
have been ordered, and the objection obviated. Neither has any objection to
the mode of trial been presented in support of the appeals; and, as the action
contained the proper subject-matter of an action in equity, although it was

tried before a jury, the court was right in refusing to dismiss the complaint at the close of the plaintiffs' evidence. And that such an action may be maintained to recover the value of property sold and delivered by one firm to the other was held in *Cole* v. *Reynolds*, 18 N. Y. 74; and that a judgment for a specific sum of money was necessary to be awarded in the determination of the action in the plaintiffs' favor formed no legal ground of objection to the right to maintain it. *Murtha* v. *Curley*, 90 N. Y. 372. Neither did the circumstance of Schmidt being a member of each of the firms present a case for an accounting, for the cause of action set forth in the complaint was a separate and distinct transaction, not of a partnership nature, requiring the settlement of partnership accounts. It was entirely separate, involving only an obligation for the payment of a specific sum of money, wholly disconnected with transactions between the members of the plaintiffs' firm as partners; and for that reason an action could be maintained, upon proof of the facts set forth in the complaint, for the recovery of the amount owing on the purchase of the inks. *Howard* v. *France*, 43 N. Y. 593; *Crater* v. *Bininger*, 45 N. Y. 545. As the case was disclosed by the complaint, therefore no substantial objection existed to the right of the plaintiffs to maintain it.

But on the part of the defendants it was denied that Schmidt ever became a member of the plaintiffs' firm, and the evidence given by Schnaier as a witness left the fact in doubt whether Schmidt did in fact become a partner in the plaintiffs' firm. If he had been such partner, then the plaintiffs were entitled to recover, if the inks were sold and delivered, as they were alleged, to the defendants' firm, a much larger sum than that for which the jury rendered their verdict. But on the part of the defendants it was claimed that Schmidt had purchased a machine for the plaintiffs, and had advanced to them the sum of $300 at the request of Mr. Schnaier; and the jury were directed by the court, if these were the facts, and he was not a partner, then this sum of $475 should be deducted from the price of the inks, as that was given on behalf of the plaintiffs; and in their verdict, as the amount was stated, it appears that the jury must have made these deductions, and consequently found that Schmidt was not a member of the plaintiffs' firm; and, with that fact found in the action, it could regularly be maintained as a legal action, triable as a matter of course before a jury. The defendants also by way of defense insisted that the inks were delivered to them to be sold on commission, and the court directed the jury, if that were the fact, that the plaintiffs could not recover. By their verdict they must consequently have found against the defendants as to this defense, and that the inks were in point of fact sold and delivered as that had been alleged by the plaintiffs to the defendants; and in that view no substantial objection arises in any form to the recovery secured in the action. It was not important, in any view, to show the time when the defendant Lehrburger first learned that the plaintiffs claimed the goods to have been sold, and not consigned. Neither was it to prove whether he knew before the bills were delivered that such a claim was made; nor to prove that he ever made any agreement, or said to the plaintiffs that he would pay for the merchandise which had been sent at the prices stated in the bills; for the important issues in the case were whether the plaintiffs could maintain the action in the form which they had brought it, and whether the inks were in fact sold or delivered to the defendants to be sold on commission. Upon these matters of fact none of the evidence excluded by the court could have had the least material bearing. The court excluded at first the inquiry whether this witness had any other conversation than had been stated with Mr. Schnaier at the time the check was made out for the $300. But after that the witness was permitted to go on and testify as to the talk which took place between himself and this member of the plaintiffs' firm, thereby fully removing the ground of objection upon which the answer to the question was at first excluded. Nor was it of any importance to prove the course of trade indicating the manner

in which inks were sold, for the right of the plaintiffs to maintain the action depended upon a contract not affected by any custom existing in the trade. It was equally unimportant also for the witness to answer whether he knew the quality of colored inks. All the evidence offered by the parties which appeared to be relevant to the grounds of controversy existing between them was received by the court; and, as the jury have determined necessarily that Schmidt was not a partner with the plaintiffs, and the goods were not delivered to the defendants to be sold on commission, their verdict upon that ground was entirely right, and both the judgment and order should be affirmed, with costs. All concur.