GEORGE H. CROSBY *vs.* HARRY N. TIMOLAT *et al.*

Submitted on briefs May 20, 1892. Decided June 13, 1892.

**Practice—Parties to Actions.**

> At common law an action could not be maintained by a partnership against another partnership having a common member with the former, upon an agreement made between the two firms; but equity would take jurisdiction, and afford an adequate remedy.

**Same—Complaint.**

> Complaint in such a case *held* to show a cause of action.

Appeal by George W. Stevens, one of the defendants, from an order of the District Court of St. Louis County, *Stearns,* J., made October 12, 1891, overruling his demurrer to the complaint.

The complaint stated in substance that in November, 1891, George W. Stevens and Harry N. Timolat, as partners, owned certain real estate in Douglas County, Wisconsin, and that John D. Miller and

Timolat were copartners doing business in Duluth as real estate agents, buying and selling for a commission real estate for others. It further stated that Stevens & Co. employed Miller & Co. to sell the Wisconsin real estate; that Stevens & Co. effected sales to other parties for $16,000; that their services were reasonably worth $650, and that no part had been paid. The complaint further stated that the firm of Miller & Co. had been dissolved; that the plaintiff George H. Crosby was on July 25, 1891, on complaint of Miller, appointed by the District Court of St. Louis County, receiver of the partnership property, and had accepted the trust, and as such receiver brought this action against Stevens and Timolat. He asked judgment for the $650.

The defendant Stevens alone appeared. He demurred to the complaint; his demurrer was overruled, and he appealed to this court.

*H. J. Grannis*, for appellant.

One partnership cannot maintain an action at law against another partnership, where the two firms have a common member. One person would be both plaintiff and defendant. Nor can such action be maintained under the code abolishing the distinction between the forms of actions legal and equitable, and affording legal or equitable relief or both, in one and the same action. In the case at bar, the respondent may or may not have equitable grounds for relief; but if he has, he has failed utterly to state them in his complaint, either expressly or by implication. The cause of action attempted to be set forth in his complaint is purely legal, and the facts alleged are set forth with a view to obtaining a legal remedy only. Courts do not go to the extent of awarding an equitable remedy upon a complaint setting forth facts entitling the plaintiff to a legal remedy only. Pomeroy, Rem. § 84; *Bradley* v. *Aldrich*, 40 N. Y. 504; *Arnold* v. *Angell*, 62 N. Y. 508; *Lawe* v. *Hyde*, 39 Wis. 345; *Meyer* v. *County of Dubuque*, 43 Iowa, 592; *Drew* v. *Ferson*, 22 Wis. 651; *Neidefer* v. *Chastain*, 71 Ind. 363.

The receiver of the partnership property can maintain such actions only, as the parties he represents could have maintained.

*Coope* v. *Bowles*, 42 Barb. 87; *Republic Life Ins. Co.* v. *Swigert*, 135 Ill. 150; High, Receivers, §§ 201, 204; *Vermont & Can. R. Co.* v. *Vermont Cent. R. Co.*, 46 Vt. 792; *Litchfield Bank* v. *Peck*, 29 Conn. 384.

*Baldwin & Crassweller*, for respondent.

There is no doubt that this action could not have been maintained at common law. There is also no doubt that equity would have granted relief upon a proper showing. The only question is, can this action be maintained in its present form in our courts with their blended law and equity jurisdiction? We maintain that it can. Lindley, Part. 267; *Cole* v. *Reynolds*, 18 N. Y. 74; *Douglass* v. *Neil & Co.*, 37 Texas, 528; *Beacannon* v. *Liebe*, 11 Or. 443; *Thayer* v. *Buffum*, 11 Met. 398.

DICKINSON, J. This is an appeal by the defendant Stevens alone from an order overruling his demurrer to the complaint. It appears that Miller and Timolat were engaged as copartners in the business of buying and selling real estate. At the same time Stevens and the same Timolat were copartners in the enterprise of buying, holding, and selling certain specified tracts of land. That Miller and Timolat, as such copartners, and at the request of the defendants, Stevens and Timolat, as copartners, performed services in selling the land which was the subject of the partnership enterprise of the latter. After that, in an action prosecuted by Miller against Timolat, this plaintiff was appointed receiver of the partnership property of the firm of Miller & Timolat, with power to sue for and collect all debts due to that partnership. He prosecutes this action to recover the value of such services rendered for the defendants.

The appellant relies upon the technical rules of the common law. It is true that an action at law for such a cause as that stated in the complaint could not have been maintained by a partnership against another partnership having a common member with the former firm. It was not permitted that one of the parties should thus appear both as a plaintiff and defendant, in effect prosecuting an action against himself, in which, if a recovery were to be allowed, it would be in

his favor, and at the same time against himself.    Nor, at law, would the contract or agreement between the two firms having a common member be recognized as creating a *legal* obligation or cause of action.    The transaction would be treated as an attempt by a party to enter into a contract with himself.    *Bosanquet* v. *Wray*, 6 Taunt. 597; *De Tastet* v. *Shaw*, 1 Barn. & Ald. 664, 669; Leake, Cont. 439, 440; *McFadden* v. *Hunt*, 5 Watts & S. 468; *Price* v. *Spencer*, 7 Phila. 178.    The remedial system of the common law was too inflexible and restricted to enable it to adjust the complex rights and obligations of the parties under such circumstances.

But in equity the agreements of the members of firms so related to each other were treated as obligatory, and the fact that one of the parties to the joint contract stood in the position of both an obligor and obligee did not stand in the way of affording such relief or remedy as might be found to be appropriate and necessary to the ends of justice.    1 Story, Eq. Jur. §§ 679, 680; *Haven* v. *Wakefield*, 39 Ill. 509; *Chapman* v. *Evans*, 44 Miss. 113; *Calvit's Ex'rs* v. *Markham*, 3 How. (Miss.) 343; *Hayes* v. *Bement*, 3 Sandf. 394.

With the statement of these propositions the objections to the sufficiency of the complaint upon the grounds stated in the demurrer are overcome.    There is a cause of action stated of an equitable nature, if not legal,—and if it is either the demurrer cannot be sustained, —and the plaintiff has legal capacity to sue.    The very objections which the appellant urges to the sufficiency of the complaint as setting forth a *legal* cause of action go to show that relief should be afforded in equity at least.    If the fact that Timolat is one of the obligors in the contract as well as an obligee renders necessary any apportionment of the amount to be recovered, or any equitable adjustment of the rights of the parties, the court is competent to do what is necessary.    At present the question is not how the matter is to be adjusted, or what recovery shall be allowed, but only as to whether the action can be maintained at all.    As bearing upon this question may be cited, in addition to the authorities above referred to, *Cole* v. *Reynolds*, 18 N. Y. 74; *Schnaier* v. *Schmidt*, (Sup.) 13 N. Y. Supp. 725; *Lathrop* v. *Knapp*, 37 Wis. 307; *In re Buckhause*, (*Ex parte Flynn*,) 2 Low. 331.

It is unnecessary to consider whether this plaintiff, as the receiver of the creditor partnership, could maintain a merely legal action against the members of the other firm.

Order affirmed.