(21 App. Div. 507.)

MANGELS v. SHAEN et al.

(Supreme Court, Appellate Division, First Department. November 5, 1897.)

RIGHT OF ACTION.
     A firm or its assignee may maintain an action against another firm to recover an indebtedness, even though some of the members of each firm are the same persons.

Action by C. Henry Mangels, as assignee, against Harry B. Shaen and others. Verdict for defendants. Motion by plaintiff for a new trial on exceptions ordered to be heard in the first instance at trial term. Exceptions sustained, and new trial ordered.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, WILLIAMS, and PATTERSON, JJ.

G. E. Waldo, for plaintiff.
C. E. Souther, for defendants.

RUMSEY, J. It appears from the complaint that for some time before the 1st of January, 1889, Harry B. Shaen, Frederick B. Stewart, and Frederick M. McWilliams, the defendants in this action, were co-partners doing business in the city of New York under the firm name of H. B. Shaen & Co.; that the same Harry B. Shaen and Frederick B. Stewart, with one Nathan Phipps, were between the 1st of January, 1889, and the 1st of October, 1889, a co-partnership under the same name; that the last-named firm, at the request of the defendants, and in liquidation of the business and debts of the old firm, paid for their use the sum of thirty thousand and odd dol-

lars, which the defendants promised to repay to the first-named firm. About the 15th of October, 1889, the firm composed of Shaen, Stewart, and Phipps made a general assignment to the plaintiff, who took, by virtue thereof, the claim against the new firm; and this action is brought upon that claim. The defendant McWilliams alone interposed a defense. The case came on for trial at the trial term. The complaint was dismissed upon the pleading for the reason that no cause of action was stated therein, because the plaintiff sued as assignee of three individuals who composed a partnership, and the defendants are the same three, with one exception; the court at trial term holding that, where the same person was a member of two firms, one of those firms could not sue the other firm for the recovery of a debt which the plaintiff firm owed to the defendant firm. The sole ground of dismissal was that this action could not have been maintained by the creditor firm, or its assignee, against the debtor firm, for the reason that some of the members of each firm were the same persons. In this contention the defendant and the learned trial court were entirely mistaken, as is well settled by authority in this state. In Cole v. Reynolds, 18 N. Y. 74, the same question was presented, where the action was brought upon the original balance due from one firm to the other, although certain of the members of each firm were the same persons. It was held by the supreme court that the action could not be maintained, but the judgment of this court was reversed by the court of appeals; the court holding that, under the rule established by the Code, the action could be maintained, and it was erroneous to dismiss the complaint. The same question was presented to the general term in the First department in the case of Schnaier v. Schmidt (Sup.) 13 N. Y. Supp. 725, where the action was tried as an action at law, without any objection, as was the case here. The plaintiff firm had a judgment against the defendant, and upon appeal the judgment was affirmed; the court holding that there was a cause of action, and that the action could be maintained. These two cases sufficiently show that it was erroneous to dismiss the complaint in this action.

The decision of the judge at trial term, therefore, in any aspect of the case, was erroneous; and the exceptions should be sustained, and the motion for a new trial, with costs to the plaintiff to abide the event of the action. All concur.