LILLY C. TOWNSEND and Others, Doing Business as TOWNSEND, TOWNSEND & COMPANY, Appellants, *v.* HOWARD A. WHITACRE, Respondent, Impleaded with EDWIN O. TOWNSEND, Defendant, Doing Business as H. A. WHITACRE.

First Department, February 6, 1920.

**Equity — jurisdiction — action between copartnerships containing common member to recover for goods sold and work and labor done — right to proceed on equity side of court in action commenced at law — sufficiency of complaint.**

Although no recovery can be had at law in an action by one copartnership against another copartnership for goods sold and for work and labor done, where one member of the plaintiff is a member of the defendant also, equity will permit a recovery of a money judgment against the defendant upon such separate and distinct transaction between the two firms.

The plaintiff being foreclosed from obtaining relief in an action at law was entitled to proceed upon the equity side of the court and the complaint was sufficient for that purpose though it contained no allegation that the plaintiff had no adequate remedy in an action at law, for the fact that the two copartnerships contained a common member showed that the plaintiff could not receive adequate relief in an action at law.

APPEAL by the plaintiffs, Lilly C. Townsend and others, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 23d day of October, 1919, sustaining defendant Whitacre's demurrer to the complaint.

The issue was brought on as a contested motion.

*Burt D. Whedon* of counsel [*Wing & Russell*, attorneys], for the appellants.

*Edward S. Greenbaum* of counsel [*Herbert A. Wolff* with him on the brief; *Greenbaum, Wolff & Ernst*, attorneys], for the respondents.

MERRELL, J.:

This appeal is taken by the plaintiffs from an order of the Supreme Court at Special Term, sustaining defendant Whitacre's demurrer to the complaint.

In their complaint the plaintiffs allege that they are copartners and engaged as wholesale dealers in granite and marble in New York city, having a foreign office in Carrarra, Italy, and that the defendants are also copartners engaged in buying and selling Italian statues, statuettes, and Italian pumice finished monuments.

The plaintiffs allege that they entered into an agreement with the defendants whereby the plaintiffs were to purchase in Italy certain goods and merchandise desired by the defendants and ship the same to the latter in New York city upon the consideration that the defendants should pay the plaintiffs, within four months of shipment and with interest at six per cent per annum, the cost of the said goods delivered in New York, together with ten per cent commission on the price paid by plaintiffs in purchasing said goods; that it was further understood and agreed that the payments by plaintiffs in purchasing said goods and in the payment of freight and various charges would be paid in Italian lire, and that settlements would be made between the parties in American dollars in the ratio of five lire to one dollar.

Plaintiffs further allege that in accordance with the said agreement and upon the express order of the defendants, the plaintiffs forwarded to the defendants at New York four different shipments of merchandise covered by the contract, a schedule of which is annexed to the complaint. In their complaint the plaintiffs allege the particulars with reference to said several shipments, and allege that there is due plaintiffs from defendants as the price paid for the goods shipped, together with incidental expenses incurred by plaintiffs in the performance of said contract, and including their said commissions thereon, in the aggregate, in American money, the sum of $6,660.42.

For a second cause of action the plaintiffs allege the performance of work, labor and services and the furnishing of materials by plaintiffs at defendants' request and upon their promise to pay, in connection with the making of a portrait model, a marble monument and photographs and negatives of models, amounting in all to $315.

Upon said allegations of the complaint the plaintiffs demand judgment against the defendants in the aggregate sum of

First Department, February, 1920. [Vol. 190.

$6,975.42, together with interest upon said several shipments of goods from the time when the same became payable.

To this complaint the defendant demurred generally upon the ground that the complaint did not state facts sufficient to constitute a cause of action. The demurrer was sustained by the court at Special Term upon the ground that the plaintiff copartnership included within its membership a person who was a member of the defendant copartnership, to wit, the defendant Edwin O. Townsend. It was conceded upon the demurrer that said Edwin O. Townsend, plaintiff, and Edwin O. Townsend, defendant, were one and the same person, and such fact is now conceded upon this appeal. It is admitted that under such circumstances the plaintiffs cannot maintain an action at law to recover money of the defendants. This being so, of necessity the plaintiffs, if they succeed at all in recovering judgment herein, must claim in equity. Such, I think, is the logical interpretation that should be placed upon the plaintiffs' complaint. Under well-settled rules of law, a party may not sue himself in an action at law, and it appearing by the complaint that one of the plaintiffs is of necessity a party defendant, said plaintiff being a member of the copartnership plaintiff, seeking to recover for goods sold and delivered to the copartnership defendant, of which he also is a member, no recovery can be had at law. But from the allegations of the complaint it is clear that while the cause of action therein set forth did not involve a settlement of partnership accounts or the adjustment of any matter between any copartners, the plaintiffs were entitled to recover a money judgment against the defendants upon a separate and distinct transaction between the two firms. From the fact that Townsend was a member of both firms, plaintiff and defendant, it does not follow that any accounting between partners is required in order to adjust this difference between the two firms. A recovery at law being precluded, equity will permit such a recovery. (*Cole* v. *Reynolds,* 18 N. Y. 74; *Schnaier* v. *Schmidt,* 59 Hun, 625, opinion in 13 N. Y. Supp. 725; *Mangels* v. *Shaen,* 21 App. Div. 507.)

The contention of the respondent that equitable relief can only be accorded plaintiffs herein upon an accounting between the parties is not well taken. As was said by Mr. Justice DANIELS

in *Schnaier* v. *Schmidt* (*supra*): "Neither did the circumstance of Schmidt being a member of each of the firms present a case for an accounting, for the cause of action set forth in the complaint was a separate and distinct transaction, not of a partnership nature, requiring the settlement of partnership accounts. It was entirely separate, involving only an obligation for the payment of a specific sum of money, wholly disconnected with transactions between the members of the plaintiffs' firm as partners; and for that reason an action could be maintained, upon proof of the facts set forth in the complaint, for the recovery of the amount owing on the purchase of the inks."

Unless plaintiffs can maintain this action in equity they are without remedy. It is peculiarly the province of equity to step in and afford the plaintiffs relief to which they are justly entitled, but which is denied them in an action at law.

Under section 3339 of the present Code of Civil Procedure there is no distinction between actions at law and suits in equity. At present there is only one form of civil action. The Code (§ 481) requires that the complaint in a civil action contain a plain and concise statement of the facts constituting each cause of action without unnecessary repetition, accompanied by a demand for judgment to which the plaintiff supposes himself entitled. While there is no express allegation in the complaint before us that the plaintiffs have no adequate remedy in an action at law, the fact that the copartnership plaintiff and the copartnership defendant contain a member common to both shows the fact to be that the plaintiffs cannot receive adequate relief in an action at law, and must, therefore, apply to equity for relief. In this case the plaintiffs have alleged in their complaint, within the provisions of the Code, a plain and concise statement of the facts constituting their cause of action without unnecessary repetition, and appropriate demand thereupon is made for the judgment to which they claim to be entitled.

I think, therefore, that the court below erroneously sustained the demurrer to the plaintiffs' complaint, and that the plaintiffs, being foreclosed from obtaining relief in an action at law, may still, upon the equity side of the court, recover from the defendants the money for which judgment

First Department, February, 1920.                    [Vol. 190.

is asked, and that the complaint herein stated facts sufficient to constitute a cause of action.

It follows that the order sustaining defendants' demurrer should be reversed, with ten dollars costs and disbursements, and the demurrer overruled, with ten dollars costs, with permission to the defendant to withdraw said demurrer and to answer the complaint upon payment of said costs.

CLARKE, P. J., LAUGHLIN, SMITH and PAGE, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and demurrer overruled, with ten dollars costs, with leave to defendant to withdraw demurrer and to answer on payment of said costs.