(87 South. 524)

**HOOD v. WARREN et al. (7 Div. 61.)**

(Supreme Court of Alabama. Jan 13, 1921. Rehearing Denied Feb. 10, 1921.)

1. Partnership ⬿141—Sales ⬿255—Warranty not transferred to subsequent buyer, so that one selling to partner did not lose right to damages for breach.

The benefit of a warranty of goods sold does not run with the chattel on its resale, so as to give the subsequent purchaser any right of action thereon as against the original sell-

er, so that one of two partners who bought hogs from defendants did not lose his right to damages for breach of warranty by selling his interest in the hogs to the other partner.

**2. Partnership ⬅⟿199—Partner cannot sue alone for share of firm claim.**

A partner cannot sue alone for his share of the claim of the firm arising from breach of warranty in the sale of hogs to the firm, even though he had subsequently bought the interest of his partner in the hogs.

**'3. Appeal and error ⬅⟿1029—Errors are not prejudicial to plaintiff where defendant was entitled to affirmative charge.**

Errors in the conduct of the trial are not prejudicial to plaintiff, where, under the undisputed evidence, defendant was entitled to the affirmative charge.

Appeal from Circuit Court, Etowah County; O. A. Steele, Judge.

Action by R. L. Hood and E. B. Raley against Isom Warren and others for deceit in the sale of certain hogs, in which the declaration was amended during the progress of the trial by striking Raley as a party plaintiff thereto. Judgment for the defendants, and plaintiff Hood appeals. Affirmed.

J. M. Miller, of Gadsden, for appellant.

There was nothing but the general issue pleaded, and the partnership did not have to be proved. Section 3969, Code 1907; 159 Ala. 418, 49 South. 83. · Counsel discuss the assignments of error relative to evidence, but in view of the opinion it is not deemed necessary to here set it out.

Goodhue & Brindley, of Gadsden, for appellees.

All the parties were proper parties, and after the amendment the court properly directed the verdict for the defendant. 30 Cyc. 561, 563; 68 Mich. 344, 36 N. W. 95; 110 U. S. 215, 4 Sup. Ct. 4, 28 L. Ed. 124.

GARDNER, J. This suit was originally filed by R. L. Hood and E. B. Raley against the defendants as individuals and as members of the firm of Warren, Killiam & Cox, but was amended during the progress of the trial by striking Raley as a party plaintiff thereto, leaving R. L. Hood as the sole plaintiff in the cause. Some of the counts were for deceit in the sale of certain hogs, which it is alleged the defendants knew to be unsound, and count 8 was for breach of warranty in that defendants warranted the hogs to be in good condition, which was not the case. There was verdict and judgment for the defendants, from which plaintiff prosecutes this appeal.

[1] The questions argued by counsel for appellant relate largely to matters of evidence, but the conclusion which we have reached renders their consideration unnecessary. The evidence was without dispute that the actual purchase of the hogs was made by E. B. Raley, representing himself and R. L. Hood; Raley testifying upon this point: "We bought the hogs as partners." Soon .thereafter Raley sold his half interest in the hogs to Hood, but the sale of his interest in the hogs to Hood did not affect his right to maintain an action on the breach of warranty. 24 R. C. L. §§ 432, 516. The common-law doctrine of covenants running with the land applies only to real estate, and it is well settled as a common-law rule that the benefit of a warranty does not run with the chattel on its resale, so as to give the sub-purchaser any right of action thereon as against the original seller. Section 432, R. C. L., supra. Therefore Raley, by the mere sale of his interest in the hogs to Hood, passed no right of action to the latter, but it remained in the firm or in the two as partners.

[2] As previously shown, the cause proceeded to trial with R. L. Hood as a party plaintiff, and nothing appears in the instant case to take it from without the general rule that a partner cannot sue alone for his share in a firm claim. 30 Cyc. 563; Bigelow v. Reynolds, 68 Mich. 344, 36 N. W. 95; Vinal v. West. Va. Oil & Land Co., 110 U. S. 215, 4 Sup. Ct. 4, 28 L. Ed. 124.

[3] Upon the undisputed proof therefore, the court would have been justified in giving the affirmative charge for the defendants as requested, and, such being the situation, if any errors were committed they were without prejudicial effect and should not operate as a reversal.

It results that the judgment appealed from will be affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and BROWN, JJ., concur.