86 So.2d 275

**John W. ROSE**

v.

**D. C. BECKHAM et al.**

3 Div. 733.

Supreme Court of Alabama.

March 22, 1956.

Jack Crenshaw, Montgomery, for appellant.

**212**

John C. Godbold, Godbold & Hobbs, Montgomery, for appellees.

LAWSON, Justice.

This is an appeal from a decree of the circuit court of Montgomery County, in equity, overruling the demurrer interposed by appellant to the bill, which the reporter will set out in the report of the case.

The bill presents an unusual situation and the research which the writer has made has pointed up the wisdom of our rule to the effect that on an appeal from a decree overruling a demurrer to a bill in equity we treat only the grounds of demurrer which are adequately argued in brief, and we wish to make it clear that in this opinion we have considered only the grounds of demurrer discussed in appellant's brief and the argument made in support of those grounds.

■ The general rule is that all partners must join as parties plaintiff in an action to enforce a claim in favor of a partnership and cannot sue in their partnership name. Moore & McGee v. Burns & Company, 60 Ala. 269; Simmons v. Titche Bros., 102 Ala. 317, 14 So. 786; Lister v. Vowell, 122 Ala. 264, 25 So. 564; Conn v. Sellers, 198 Ala. 606, 73 So. 961; Crook v. Rainer Hardware Co., 210 Ala. 178, 97 So. 635; 68 C.J.S., Partnership, § 208, p. 680. In Tallapoosa County Bank v. Salmon, 12 Ala.App. 589, 591, 68 So. 542, 543, it was said: "If the indebtedness was due R. V. Salmon's Son, a partnership although the plaintiff was a member of the firm, he could not maintain an action in his individual name to recover on it." And we have held that one partner cannot sue alone for his share in a firm claim. Fred Gray Cotton & Gin Co. v. Smith, 214 Ala. 606, 108 So. 532; Hood v. Warren, 205 Ala. 332, 87 So. 524. By § 141, Title 7, Code 1940, two or more persons, associated together as partners, may be sued at law for the obligation of all. But the provisions of § 141, Title 7, supra, do not apply to plaintiffs so associated. Moore & McGee v. Burns & Company, supra.

■ It has been held that where one partner will not join in a suit to recover partnership obligations that the other partner or partners may name him as co-plaintiff by indemnifying him against costs. Harris v. Swanson & Bro., 62 Ala. 299. See Bolton v. Cuthbert, 132 Ala. 403, 31 So. 358.

■ In the bill presently before us, it is apparent that Beckham has proceeded on the theory that he cannot sue in the partnership name nor can he sue alone, so he has joined as co-complainant his partner, Simpson, whose address he does not know, and he has offered to indemnify Simpson against any costs he may incur in the cause. Although there is no averment that Simpson has refused to join with Beckham in the prosecution of the suit, we think the fact that Simpson's "whereabouts and residence" is unknown to Beckham makes the holding in Harris v. Swanson & Bro., supra, applicable here.

■ While the prayer of the bill is subject to the construction that Beckham prays

for recovery for himself alone, we are of the opinion that when the prayer is considered in connection with the caption and the stating part of the bill, it is manifest that any decree which might be rendered against the respondent would have to be in favor of the partnership of Beckham and Simpson. We hold, therefore, that there is no merit in those grounds of the demurrer which take the point that this is an effort on the part of an individual partner to recover in his own name for an obligation due the partnership.

The argument made in brief of appellant in support of the insistence that the trial court erred in overruling grounds of demurrer which took the point that the equity court was without jurisdiction because the averments of the bill show an adequate remedy at law is in material respects as follows:

"The only relief sought by the bill was the recovery of a money judgment. * * * The only allegation by which equity jurisdiction is sought to be established is the allegation of Paragraph Six 'Complainant has no adequate remedy at law, since partnerships with a common partner are involved.'

"Whatever may be the law in other jurisdictions, this court in Alexander Brothers v. Jones, 90 Ala. 474 [7 So. 903], established that although at common law, one partnership could not maintain an action against another when the two had a common partner, under the statutory provisions making partnership debts joint and several [§ 141, Title 7, Code 1940] the creditor partnership could maintain an action at law against a member of the debtor partnership individually. · The complainant, therefore, had an adequate remedy at law and the court below erred in overruling the demurrer raising this ground."

■ As counsel for appellant states, we did hold in Alexander v. Jones, 90 Ala. 474, 7 So. 903, that the provisions of law now codified as § 141, Title 7, Code·1940,

**213**

operate to change the common law rule which was in substance that an action at law was not maintainable between partnerships with a member in common.

■ However, the opinion in Alexander v. Jones, supra, recognizes the fact that equity originally had jurisdiction of such controversies. And the authorities agree that equity may take cognizance of these cases in a suit between the parties. Haven v. Wakefield, 39 Ill. 509; Schnebly v. Culter, 22 Ill.App. 87; Crosby v. Timolat, 50 Minn. 171, 52 N.W. 526; Burrows v. Leech, 116 Mich. 32, 74 N.W. 296; Noyes v. Ostrom, 113 Minn. 111, 129 N.W. 142; Chapman v. Evans & Gibbons, 44 Miss. 113. The applicable rules are stated in §§ 922 and 923, Story's Equity Jurisprudence, 14th Ed., Vol. 2, p. 299. The author in § 922 says:

"Another illustration of the beneficial result of equity jurisdiction in cases of partnership may be found in the not uncommon case of two firms dealing with each other where some or all of the partners of one firm are partners with other persons in the other firm. Upon the technical principles of the common law in such cases no suit can be maintained at law in regard to any transactions or debts between the two firms; for in such suit all the partners must join and be joined and no person can maintain a suit against himself or against himself and others. The objection is at law a complete bar to the action. * * *"

In § 923 the author further states:

"But there is no difficulty in proceeding in Courts of Equity to a final adjustment of all the concerns of both firms in regard to each other; for in equity it is sufficient that all parties in interest are before the court as plaintiffs or as defendants, and they need not, as at law, in such a case be on the opposite sides of the record. * * *"

■ So while § 141, Title 7, supra, may have afforded the necessary relief in·

a court of law, yet it is not the exclusive mode of relief, but is concurrent and cumulative with that of equity. Waldron, Isley & Co. v. Simmons, 28 Ala. 629. No negative, prohibitory or restrictive words are used in that section. It is incontrovertibly established by the authorities, including our own cases, that the original jurisdiction of a court of equity is not affected by a statute conferring like or similar jurisdiction upon courts of law, unless the statute contains prohibitory or restrictive language. In the absence of such language the statute is held to confer a concurrent and cumulative remedy. Evans v. Wilhite, 167 Ala. 587 (headnote 5), 52 So. 845, and cases cited; Westmoreland & Trousdale v. Foster, 60 Ala. 448; Mixon v. Dunklin, 48 Ala. 455; Hall v. Hall, 43 Ala. 488; Moore & Lynes v. Gore, 35 Ala. 701; Waldron, Isley & Co. v. Simmons, supra, and authorities cited.

We hold, therefore, that the trial court did not err in overruling the grounds of demurrer taking the point that the complaint shows an adequate remedy at law.

The remaining insistence of appellant is that the trial court erred in overruling the grounds of demurrer taking the point that "the claim is barred by laches."

The rule of our decisions in respect to laches is stated in the case of Mullen v. First Nat. Bank, 226 Ala. 305, 307, 146 So. 802, 804, where it was observed:

"In cases where the charge of laches is predicated upon delay only, and that delay appears on the face of the bill to have been short of the period of limitation, the reason of the rule of analogy obviously requires that special circumstances operating to destroy the right asserted should be brought forward by way of defense. In cases, however, where the bill shows a lapse in excess of the period of limitation, it would seem that special matters obviating the rule of analogy should be brought forward in the bill."

It is not argued in brief of appellant that the instant bill was not filed within the limits allowed by law; that is, it is not claimed that the statute of limitations, by analogy, has any application to the matter of instant concern.

Appellant's real contention is that the bill was not filed until approximately five years after the time which he construes the bill to show that the indebtedness was incurred and until after the disappearance of Simpson, who had knowledge of the affairs of both partnerships. While the bill does show that Beckham did not know the "whereabouts and residence" of Simpson at the time the bill was filed, we do not think such an averment can be said to show that Simpson's "whereabouts" is not known to the respondent or that Simpson will not be available to give testimony on the trial of the cause. We hold, therefore, that the bill does not show laches on its face and that the grounds of demurrer raising that point were overruled without error.

The decree of the trial court is affirmed.

Affirmed.

LIVINGSTON, C. J., and GOODWYN and MERRILL, JJ., concur.