The plaintiff, John Barré, appeals a summary judgment in favor of the defendant, Gulf Shores Turf Supply, Inc. We affirm.
The issue we address on appeal is whether privity of contract existed between John Barré and Gulf Shores Turf Supply, Inc., so as to allow a cause of action for breach of an express warranty involving only economic injury.
John Barré began working with Jeff Thompson under a partnership arrangement in March 1986, doing business as "T T Yard Care," an unincorporated enterprise. Gulf Shores Turf Supply, Inc., is a dealer for the Toro Company, selling Toro brand lawn care equipment. In November 1985, before Barré and Thompson became associated in the lawn care business, Thompson had purchased a used 62-inch Toro brand side discharge mower from Gulf Shores Turf in the name of "Jeff Thompson/T T Lawn [sic] Care." The mower was still under the manufacturer's one-year express warranty. Gulf Shores Turf also gave Thompson and T T Yard Care an express written warranty covering repairs for an additional 400 hours of use
In March 1986, Barré began operating the mower in the course of business for T T Yard Care. Barré took the mower on several occasions to Gulf Shores Turf for repairs under the warranty. The mower broke down repeatedly, and Barré continued to take it to Gulf Shores Turf for further repairs under the warranty.
In May 1986, Barré purchased Thompson's interest in T T Yard Care. The written purchase agreement listed all the equipment owned by Thompson and T T Yard Care, including the Toro mower. The agreement failed to specify any warranties covering the mower.
Barré continued to have trouble with the mower after he purchased it from Thompson. Bob Strenstron, a representative of Gulf Shores Turf, told Barré that the repairs would be made under the warranty. A short time later, the 400-hour warranty expired, and the mower continued to have mechanical problems. Barré did not return the mower for any further repairs.
In September 1986, Barré sued Gulf Shores Turf, Inc., and the Toro Company alleging negligent repair work, breach of the original express warranty and breach of the extended warranty. Barré claimed damages for loss of business and profits due to the repeated mechanical failures of the mower and Gulf Shores Tuff's failure to repair the mower. The defendants moved for summary judgment, alleging no privity of contract with Barré. The trial court entered summary judgment in favor of both defendants. Barré appealed.
On appeal, Barré argues that recovery under the warranty should be allowed because he, as owner of T T Yard Care, was in privity of contract with Gulf Shores Turf. He argues that privity was established by his purchase of T T Yard Care from Thompson and by his conversations and contacts with Gulf Shores Turf.
The plaintiff must prove privity of contract in an action on an express warranty where no injuries to natural persons are involved. See State Farm Fire Cas. Co. v. J.B. Plastics,Inc., 505 So.2d 1223 (Ala. 1987); Chandler v. Hunter,340 So.2d 818 (Ala.Civ.App. 1976); Dudley v. Bayou Fabricators, Inc.,330 F. Supp. 788 (S.D.Ala. 1971).
The appellant alleges only economic injuries through the loss of business and *Page 505 
profits due to the numerous mechanical failures of the mower purchased from Thompson/T T Yard Care. Therefore, the burden is on the appellant to prove that privity of contract existed between him and Gulf Shores Turf before recovery is allowed under an express warranty.
The Court's review of the transaction involving the appellant and Thompson for the sale of T T Yard Care, and the appellant's deposition testimony concerning the conversations and contacts with Gulf Shores Turf and its agents, fails to reveal a scintilla of evidence that a contractual relationship existed between the appellant and the appellee, Gulf Shores Turf.
"[T]he benefit of a warranty does not run with the chattel on its resale, so as to give the subpurchaser any right of action thereon as against the original seller." Hood v. Warren,205 Ala. 332, 333, 87 So. 524 (1921). The appellant may not maintain an action on an express warranty, where no injuries to natural persons are involved, even though Gulf Shores Turf had given the express warranty to appellant's vendor, Thompson/T 
T Yard Care. The express warranty on the mower given to Thompson/T T Yard Care did not follow with the mower on its resale automatically. There is no evidence that Gulf Shores Turf, through its agents, even knew that Barré was the owner of the mower or that he was anything other than an employee of Thompson/T T Yard Care on the occasions when he brought the mower in for repairs. There is no evidence that Gulf Shores Turf intended to extend the express warranties to him. Therefore, we find no basis for establishing privity of contract, and Barré's breach of warranty action must fail. The summary judgment was proper.
The judgment is affirmed.
AFFIRMED.
HORNSBY, C.J., and JONES, SHORES and HOUSTON, JJ., concur.